COPY

1  Kathleen P. March  CA BAR # 80366
   The BANKRUPTCY LAW FIRM, P.C.
2  10524 West Pico Boulevard, Suite 212
   Los Angeles, California 90064
3  Telephone: 310-559-9224
   Fax: 310-559-9133
4  E-mail: kmarch@BKYLAWFIRM.com

5  Counsel for Joseph Kurn, 45% Tenant-in-Common
   and Secured Creditor
6

7          UNITED STATES DISTRICT COURT

8      FOR THE CENTRAL DISTRICT OF CALIFORNIA

9  In re.                          )  District Court Case No. CV 09
                                   )
10                                 )  Bankruptcy Case No. 2:09-bk-15319-SB
                                   )
11                                 )  Chapter 11
                                   )
                                   )  **CV 09-05714** *PSG*
12                                 )
                                   )  **EMERGENCY MOTION:**
13                                 )  **JOSEPH KURN'S EMERGENCY**
                                   )  **MOTION MOVING DISTRICT**
14                                 )  **COURT TO WITHDRAW**
                                   )  **REFERENCE OF BANKRUPTCY**
15                                 )  **CASE FROM BANKRUPTCY**
                                   )  **COURT BACK TO DISTRICT**
16                                 )  **COURT FOR CAUSE;**
17      450 S. BURLINGTON          )  **MEMORANDUM OF POINTS**
                                   )  **AND AUTHORITIES;**
18      PARTNERS, LLC              )     **DECLARATION OF**
                                   )  **KATHLEEN P. MARCH RE**
19         Debtor                  )  **NEED FOR EMERGENCY**
                                   )  **DECISION DUE TO DEBTOR**
20                                 )  **HAS THREATENED NON-**
                                   )  **PARTY WITNESS TORRES, AND**
21                                 )  **IS NOW CARRYING OUT ITS**
                                   )  **THREAT AGAINST TORRES,**
22                                 )  **AND BANKRUPTCY COURT**
23                                 )  **HAS FAILED TO TAKE ANY**
                                   )  **ACTION WHATSOEVER TO**
24                                 )  **PROTECT THE NON-**
                                   )  **PARTYWITNESS;**
25
26
27
28

JOSEPH KURN'S <u>EMERGENCY</u> MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN, W/ EXHS.       1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DECLARATIONS OF NONPARTY WITNESS ROBERT TORRES RE DEBTOR'S THREATS AND RETALIATION; DECLARATION OF JOSEPH KURN, EACH WITH EXHIBITS**

**WITH CD CA DISTRICT CT LOCAL RULE 6.3(8011-6.3) <u>CERTIFICATE</u> RE NEED FOR EMERGENCY ACTION**

Note: A bankruptcy appeal in this same bankruptcy case is already ongoing in District Court, assigned to District Judge Philip Gutierrez.  See **<u>Notice of Related Case</u>**, and **<u>Certification as to Interested Parties</u>**, each filed along with herein Motion

<u>Hearing Date for Motion:</u> NONE SET: Emergency Motion can be decided without hearing, or the District Court can set a hearing.

Herein **<u>Emergency Motion</u>** is brought per CD CA District Court Local Rule 6.3(8011-6.3) governing emergency motions in bankruptcy matters heard in District Court. Motions to Withdraw Reference are Filed in, and Decided by, District Court.

**Note: Proposed Order to Withdraw Reference is attached as <u>Exhibit A</u> to Declaration of Kathleen P. March hereto, and will be e-lodged with Court as soon as Judge and Case Number is assigned to this Motion**

---

JOSEPH KURN'S <u>EMERGENCY</u> MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.   2

1     TO THE US DISTRICT COURT FOR THE CENTRAL DISTRICT OF

2   CALIFORNIA, TO DEBTOR AND DEBTOR'S COUNSEL, AND TO

3   CREDITORS RITTER AND CITY OF LA (THE ONLY CREDITORS OTHER

4   THAN KURN), AND TO THE OFFICE OF US TRUSTEE:

5        Joseph Kurn ("Kurn") is a 45% Tenant-in-Common co-owner and secured

6   creditor in the bankruptcy case of 450 S. Burlington Partners, LLC ("Debtor").

7   Kurn hereby moves the US District Court, per 28 USC §157(d), on an **emergency**

8   **basis**, to **Withdraw the Reference** of the Debtor's bankruptcy case from the

9   Bankruptcy Court, CD CA, **back to the District Court, CD CA**, for cause, for all

10   purposes, so that the District Court shall hereafter preside over said bankruptcy case

11   and all motions and proceedings in said bankruptcy case.

12        As detailed in the Declaration of Kathleen P. March, Esq. hereto, Kurn's

13   herein Motion is made on an **emergency basis** because Debtor has **threatened**

14   nonparty witness Robert Torres, to try to intimidate Torres into recanting Torres'

15   4/14/09 Declaration (attached hereto) given in this case, and Debtor is **at present**

16   **carrying out its threat that Debtor will put Torres' wife and children out in the**

17   **street within 3 days, unless Torres' recants Torres' declaration attesting that**

18   **Torres saw Debtor's managing member looking at the *Tenant in Common***

19   ***Agreement* for the 450 property, after the bankruptcy case was filed**. Debtor has

20   falsely testified under oath that this key document NEVER existed.

21        Cause exists to withdraw the reference of Debtor's herein bankruptcy case

22   from the Bankruptcy Court, back to the District Court, for all purposes, because

23   **immediate Court action is needed to protect non party witness Torres from**

24   **Debtor's threats and retaliation in progress**, and the **Bankruptcy Court has**

25   **failed to take any action whatsoever to protect witness Torres**. Detail is in

26   Torres declarations, and March declaration, hereto.

27        In addition, the Bankruptcy Court's **NINE additional, erroneous rulings,**

28

---

1 | **extremely prejudicial to Kurn, detailed at Section IV of herein Motion,**

2 | **constitute additional CAUSE for withdrawal of reference.**

3 |      Any OPPOSITION to this Motion must be filed forthwith, and served by

4 | email to kmarch@BKYLAWFIRM.com , as this is an emergency Motion, and per

5 | the CD CA Local Rules, emergency Motions are required to be ruled on within 24

6 | hours.

7 | Dated: August 4, 2009     THE BANKRUPTCY LAW FIRM, PC

8 |            /s/ Kathleen P. March

9 |      By Kathleen P. March, counsel for Joseph Kurn

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.   4

# TABLE OF CONTENTS

CERTIFICATE BY DEBTOR'S COUNSEL OF NEED FOR HAVING
HEREIN MOTION FILED AND DECIDED AS EMERGENCY
MOTION................................................................................p iv to ix

MEMORANDUM OF POINTS AND AUTHORITIES......................................p1

I.   BANKRUPTCY JUDGES HAVE NO JURISDICTION OF THEIR
     OWN, THEY HEAR BANKRUPTCY CASES VIA THE DISTRICT
     COURT REFERRING THE BANKRUPTCY CASES TO THE
     BANKRUPTCY JUDGE, AND THE DISTRICT COURT CAN
     WITHDRAW THE REFERENCE AT ANY TIME, TO TAKE BACK A
     BANKRUPTCY CASE FROM THE BANKRUPTCY JUDGE, SO THAT
     THE DISTRICT JUDGE THEREAFTER PRESIDES OVER THE
     BANKRUPTCY CASE................................................................p1

     A. "Cause" for Discretionary Withdrawal of Reference.........................p2

     B.   Motion to Withdraw Reference is Filed in the District Court, and
          Decided by the District Court.............................................p2

II.  WITHDRAWAL OF REFERENCE FROM THE BANKRUPTCY
     JUDGE, BACK TO THE DISTRICT COURT, IS APPROPRIATE IN
     THIS CASE, BECAUSE THE BANKRUPTCY JUDGE HAS FAILED
     TO TAKE ANY ACTION TO PROTECT THE NONPARTY WITNESS

---

WHO IS BEING THREATENED, AND RETALIATED AGAINST, BY DEBTOR, FOR BEING A WITNESS FOR KURN.................................p4

III.   THE DISTRICT COURT SHOULD HEAR AND GRANT KURN'S HEREIN MOTION TO WITHDRAW REFERENCE ON AN <u>EMERGENCY BASIS</u>, BECAUSE TORRES--THE WITNESS WHOM DEBTOR IS THREATENING AND RETALIATING AGAINST-- NEEDS TO BE PROTECTED IMMEDIATELY FROM DEBTOR'S ILLEGAL, AND <u>ESCALATING</u> MISCONDUCT.....................................p7

IV.   KURN'S MOTION TO WITHDRAW REFERENCE IS TIMELY, BECAUSE BROUGHT PROMPTLY AFTER DEBTOR COMMENCED <u>CARRYING OUT</u> DEBTOR'S THREAT TO PUT TORRES' WIFE AND CHILDREN OUT ON THE STREET IN 3 DAYS, AND PROMPTLY AFTER THE BANKRUPTCY COURT, AT THE 7/28/09 HEARING, <u>FAILED TO TAKE ANY ACTION TO PROTECT</u> TORRES FROM DEBTOR'S ILLEGAL RETALIATION.....................p8

V.   <u>NINE</u> ADDITIONAL ERRONEOUS, CONSECUTIVE RULINGS BY THE BANKRUPTCY COURT, HIGHLY PREJUDICIAL TO KURN, CONSTITUTE ADDITIONAL, INDEPENDENT, CAUSE TO WITHDRAW THE REFERENCE OF THE 450 S BURLINGTON PARTNERS, LLC BANKRUPTCY CASE FROM THE BANKRUPTCY COURT TO THE DISTRICT COURT.....................................p10

VI.   CONCLUSION................................................................p12

DECLARATION OF WITNESS ROBERT TORRES DATED 4/14/09

    RE TORRES SAW DEBTOR'S MANAGING AGENT DANIELS

    LOOKING AT THE TENANT IN COMMON AGREEMENT FOR

    THE 450 PROPERTY (DOCUMENT DEBTOR CLAIMS NEVER

    EXISTED)...................................................................................p13

DECLARATION OF WITNESS ROBERT TORRES DATED 7/8/09

    RE THREATS AGAINST TORRES AND TORRES' FAMILY

    BY DEBTOR, WITH EXHIBIT.............................................p16

DECLARATION OF WITNESS ROBERT TORRES DATED 7/30/09

    RE. RETALIATION, WITH EXHIBITS INCLUDING COPY OF

    THREE  DAY NOTICE TO PAY RENT OR QUIT THAT CHAPLAN

    CAUSED TO BE SERVED ON TORRES AND TORRES'

    WIFE........................................................................................p23

DECLARATION OF JOSEPH KURN W/EXHIBIT........................................p29

DECLARATION OF KATHLEEN MARCH W/EXHIBITS...........................p33

# TABLE OF AUTHORITIES

## CASES:

Security Farms v. International Broth. Of Teamsters, Chauffeurs,
   Warehousement & Helpers, 124 F.3d 999, 1997, fn. 3  (9th Cir. 1997).........p9


## RULES AND STATUTES:

18 USC §1503...................................................................................................p6

28 USC §157(a)...................................................................................p1 *et seq.*

28 USC §157(d)..................................................................................p1 *et seq.*

CD CA District Court Local Rule 6.1 (8011-6.1)....................................p3

CD CA District Court Local Rule 6.3(8011-6.3)....................................p iv

CD CA Local Bankruptcy Rule 5011-1....................................................p3

FRCP Rule 11...................................................................................................p11

FRBP Rule 5011.............................................................................................p3

FRBP Rule 9011.............................................................................................p11

FRE Rule 801(d)(2)........................................................................................p6


## TREATISES:

The Rutter Group, California Bankruptcy Practice Guide, by March, Ahart and
   Tchiakovsky,  §1:386, p.1-34 (2007)................................................p2

---

## CERTIFICATE OF MOVANT'S COUNSEL RE NEED FOR KURN'S
## HEREIN MOTION TO WITHDRAW REFERENCE
## BEING BROUGHT AND DECIDED ON EMERGENCY BASIS

Kathleen P. March, Esq. of The Bankruptcy Law Firm, PC, counsel to Joseph Kurn, makes herein **CERTIFICATE,** re. need for Kurn's herein Motion to be brought and decided on Emergency basis to avoid immediate and irreparable harm. This Certificate is required by CD CA District Court Local Rule 6.3(8011-6.3), governing **Emergency Motions** regarding bankruptcy matters, including Motions to Withdraw Reference, brought per CD CA Local Rule 6.1 (8018-6.1):

1. I on 8/4/09 emailed a copy of the herein Motion to Withdraw Reference, including Memorandum of Points & Authorities, and declarations of Torres, March, and Kurn, with Exhibits, to bankruptcy counsel of record for Debtor 450 S. Burlington Partners, LLC's bankruptcy counsel of record, to Steven Spector, Esq. and Anthony Napolitano, Esq., of Buchalter, Nemer, to their e-mails addresses of record for efiling: sspector@buchalter.com and anapolitano@buchalter.com .

2. On 8/3/09, I spoke by phone with Kevin Reddick, Assistant Manager, Courtroom Operations, of the District Court Clerk's Office, downtown LA, and told him my firm would be filing the herein Emergency Motion to Withdraw Bankruptcy Case, and he advised to file same in "paper" at the filing window, and the District Court would assign a Judge, who would then hear the motion. Kevin Reddick told me that a Motion to Withdraw Reference is a initial proceeding document, like a complaint, and therefor must be "paper" filed, and cannot be e-filed.

3. The reason that Withdrawal of Reference of the Bankruptcy Case, from the Bankruptcy Court, to the District Court, is sought, on an **emergency basis**, is that **Debtor has threatened the key non-party witness in the case, and is at present**

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS. -V-

1 **carrying out that threat, and the Bankruptcy Court has taken no action to**

2 **protect the nonparty witness**.

3     4.  Withdrawal of reference from the Bankruptcy Court, by the  District

4 Court, on an emergency basis, is necessary to protect the nonparty witness, Robert

5 Torres, from Debtor's threats and retaliation in progress against Torres.  Protecting

6 the witness protects  Kurn.  Allowing Debtor to threaten and retaliate against a

7 nonparty witness destroys the integrity of the judicial process.

8     5.  Robert Torres' declaration dated 7/8/09 (copy attached to herein Motion),

9 filed 7/13/09, attested Debtor was **threatening that Debtor would put Torres'**

10 **wife and children out in the street in 3 days, unless Torres' recanted Torres'**

11 **earlier declaration** (Torres Declaration dated 4/14/09, filed 6/29/09).

12     6.  Torres 4/14/09 declaration (attached to herein Motion) attests that Torres

13 saw Debtor's managing member, Brett Daniels, looking at the Tenant in Common

14 Agreement for the 450 property on Daniels' computer, after Debtor 450 S.

15 Burlington Partners, LLC filed its herein bankruptcy case.

16     7.  Debtor's person most knowledgeable, Scott Chaplan, Esq.,  testified

17 (perjuriously) under oath, at the "2004 examination" in the bankruptcy case, that

18 there NEVER was a Tenant in Common Agreement for the 450 property. Brett

19 Daniels testified (perjuriously) under oath, at the Debtor's bankruptcy "341a"

20 examination, that there NEVER was a Tenant in Common Agreement for the 450

21 property.  Torres' 4/14/09 Declaration is direct evidence that both Chaplan and

22 Daniels committed perjury by testifying there never was a Tenant in Common

23 Agreement for the 450 property.

24     8.  At a Bankruptcy Court hearing held 7/14/09, I, for Kurn, requested the

25 Court to state on the record that the Court would not tolerate Debtor threatening

26 Torres.  The Bankruptcy Court did NOTHING.

27     9.  Next, Ddebtor commenced **carrying out its threat to put Torres' wife**

28 **and  children out in the street, in 3 days**, by serving a *Three Day Notice to Pay*

1   ***Rent or Vacate Premises*** on Torres and Torres' wife.  Doing so was unlawful

2   because Torres and his wife didn't owe any rent, because the Torres' were provided

3   the apartment they occupy, as part of their compensation for being resident

4   managers of one of the buildings owned and managed by Daniels and Chaplan.

5   (Management Agreement attached as exhibit to Torres 7/30/09 declaration hereto.

6       10.  Torres declaration to herein Motion dated 7/30/09 attests that **Debtor is**

7   **now carrying out its threat to put Torres' wife and children (and Torres) out in**

8   **the street, to retaliate for Torres' being a witness for Kurn, just as Debtor had**

9   **threatened to do.**

10      11.  I received a copy of the Three Day Notice while at Bankruptcy Court for

11  a 7/28/09 hearing in the herein case, printed it on the attorney workroom computer,

12  brought it to Court, and informed the Bankruptcy Court (Judge Samuel Bufford)

13  that Debtor was now carrying out its threat to retaliate against Torres.

14      12.  Debtor's counsel, Steven Spector, Esq., was present for Debtor at that

15  hearing.  Spector  admitted a Three Day Notice had been served on witness Torres

16  and Torres' wife, but argued this was irrelevant, because Torres and Torres' wife

17  and children were being evicted from a different building than the 450 building. I,

18  for Kurn told the Bankruptcy Court that Debtor so arguing was in error, because it is

19  retaliation against Torres for being a witness, regardless of which building Torres,

20  and Torres' wife and children, are being evicted from. I asked the Bankruptcy Court

21  to make a strong statement that the Bankruptcy Court would not tolerate Debtor

22  retaliating against Torres, and to tell Debtor's counsel that Debtor should withdraw

23  its Three Day Notice.  Despite my request that he act to protect witness Torres, the

24  Bankruptcy Court (Judge Samuel Bufford), said nothing, and did NOTHING to

25  protect Torres.

26      13.  I next asked Bankruptcy Judge Bufford whether my firm could move to

27  shorten time for hearing on a Kurn's Motion moving the Court to issue an Order to

28  Show Cause to direct debtor and debtor's personnel to show cause why they should

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.-vii-

1   not be sanctioned for Debtor's threats and retaliation against witness Torres,

2   Debtor's perjury, Debtor's despoliation of evidence (hiding the Tenant in Common

3   Agreement) and Debtor's contempt of the Court's 2004 order (which had ordered

4   the Debtor to produce the Tenant in Common Agreement at the 2004 exam). Judge

5   Bufford stated my firm could move to shorten time, but that Judge Bufford didn't

6   know if this situation (ongoing retaliation against witness Torres, perjury,

7   despoliation of evidence, and contempt of court's order) would merit shortening

8   time.

9       14. Threatening Torres, and retaliating against Torres and Torres wife and

10  Torres children, to try to pressure Kurn to recant his 4/14/09 declaration, is a federal

11  crime, Obsruction of Justice, per 18 USC §1503. The District Court has criminal

12  jurisdiction, and criminal contempt jurisdiction. The Bankruptcy Court has neither.

13  Thus the District Court is better suited to dealing with the situation of a witness

14  being threatened and retaliated against, than is the Bankruptcy Court.

15      15. The Bankruptcy Court's failure to take any action to protect witness

16  Torres, and inaction in the face of perjury, despoliation of evidence, and contempt

17  of the 2004 order by debtor, constitutes cause to withdraw the reference, per 28

18  USC §157(d), before Debtor can complete its retaliation against Torres. Though

19  Torres and Torres' wife and children are the ones who are being evicted, retaliating

20  against Torres equally prejudices Kurn, because that conduct if not stopped by the

21  District Court, is likely to result in Kurn losing Torres as a witness.

22      16. More detail re this situation is in my Declaration of Kathleen P. March

23  hereto.

24      17. NOTE:  My firm promptly ordered expedited preparation of official

25  transcription of the 7/28/09 hearing. I expect to receive the expedited official

26  transcript of the 7/28/09 hearing by 8/5 or 6/09. If I receive that transcript in time to

27  attach it to this Motion, it will be attached as **Exhibit O** to my Declaration hereto. If

28  not, my firm will file that transcript, as a separate pleading in support of herein

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.viii-

1  Motion, as soon as it is received by my firm from the official bankruptcy court

2  transcriber service.

3        18.  The opposing counsel are:

4

5  A.  Bankruptcy Counsel for Debtor 450 S. Burlington Partners, LLC is:

6        Steven Spector, Esq. and Anthony Napolitano, Esq.

7        Buchalter Nemer, PC

8        1000 Wilshire Boulevard, Suite 1500

9        LA, CA 90017-2457

10       Phone: 213-891-0700

11       Fax: 213-806-0400

12       email:  sspector@buchalter.com and anapolitano@buchalter.com

13

14  B.  Debtor is 450 S. Burlington Partners, LLC

15       450 S. Burlington Partners, LLC

16       2719 Wilshire Blvd., Suite 250

17       Santa Monica, CA 90403

18

19  Only other creditors scheduled by Debtor are:

20

21  C.  Los Angles Housing Department (no outside counsel), holder of Note secured by

22  1st DOT

23       Los Angles Housing Department

24       1200 W. 7th Street, 9th Floor

25       LA, CA 90017

26       Attn: David Zaitz

27       No fax or phone known to Movant's counsel

28

---

1  D. Leon Vickman, Esq., bankruptcy counsel for Victor Ritter, holder of Note
2  secured by 2nd DOT:
3       Leon Vickman, Esq.
4       4646 White Oak Avenue
5       Encino, Ca 91316
6       Phone: 818-788-1136
7       Fax: 818-981-6835
8       Email: lvickman@pacbell.net
9
10  The Office of US Trustee has certain administrative functions:
11  E.  Kenneth G. Lau, Esq. and Russ Clementson, Esq.
12       Office of US Trustee
13       725 S. Figueroa St, Suite 2600
14       Los Angles, CA 90017
15       Phone: 213-894-4480
16      Fax: 213-894-2603
17       Email: kenneth.g.lau@usdoj.gov
18
19       I declare under penalty of perjury that the foregoing is true and correct, and
20  that this Certificate is executed at Los Angeles, California on August 3, 2009.
21
22       _____/s/ Kathleen P. March_____
23       KATHLEEN P. MARCH
24
25
26
27
28

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS. -X-

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.    **BANKRUPTCY JUDGES HAVE NO JURISDICTION OF THEIR OWN, THEY HEAR BANKRUPTCY CASES VIA THE DISTRICT COURT REFERRING THE BANKRUPTCY CASES TO THE BANKRUPTCY JUDGE, AND THE DISTRICT COURT CAN <u>WITHDRAW</u> THE REFERENCE AT ANY TIME, TO TAKE BACK A BANKRUPTCY CASE FROM THE BANKRUPTCY JUDGE, SO THAT THE DISTRICT JUDGE THEREAFTER PRESIDES OVER THE BANKRUPTCY CASE**

Bankruptcy judges have no jurisdiction of their own.  Rather, bankruptcy judges hear bankruptcy cases solely due to the District Court <u>referring</u> bankruptcy cases to the bankruptcy judges to hear, per 28 USC §157(a).  Section §157(a) states:

"(a) Each district court may provide that any or all cases under title 11 and any and all proceedings arsising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

28 USC §157(d) expressly provides that the District Court can **WITHDRAW the reference** at any time, upon timely motion of a party, to take back a bankruptcy case or matter from the Bankruptcy Judge it was referred to, so that the District Judge thereafter presides over the bankruptcy case or matter, instead of the Bankruptcy Judge continuing to hear the bankruptcy case or matter as to which reference is withdrawn.  28 USC §157(d) states:

"<u>**The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own moton or on timely motion of any party, for cause shown.**</u>  The district court shall, on timely

1   motion of a party, so withdraw a proceeding if the court determines that

2   resolution of the porceeding requires consideration of both title 11 and other

3   laws of the United States regulating organizations or activities affecting

4   interstate commerce." (Bold/underline added for emphasis).

5

6  The first sentence of Section 157(d) (bolded) is referred to as **discretionary**

7  withdrawal of reference.  The second sentence of Section 157(d) (not bolded) is

8  referred to as **mandatory** withdrawal of reference.  Kurn's herein Motion is for

9  **discretionary** withdrawal of reference, per the first sentence of section §157(d), **for**

10  **cause**.

11

12      **A.  "Cause" for Discretionary Withdrawal of Reference**

13

14      "Cause" for discretionary withdrawal of reference is determined on a case by

15  case basis, says The Rutter Group, California Bankruptcy Practice Guide, by March,

16  Ahart and Tchiakovsky, §1:386, p.1-34 (2007).  The Bankruptcy Court's failure to

17  take any action to protect nonparty witness Torres from Debtor's threats and now,

18  CARRYING OUT THOSE THREATS (detailed at **II** infra)  is cause to withdraw

19  reference, because appeal is not a viable means to protect the witness, and threats

20  and retaliation against a nonparty witness for being a witness destroys the integrity

21  of the judicial process.  The 9 additional erratic, and erroneous, rulings of the

22  bankruptcy court are separate, additional, cause to withdraw reference (detailed in

23  IV infra).

24

25      **B.    Motion to Withdraw Reference is Filed in the District Court, and**

26              **Decided by the District Court**

27      A Motion to Withdraw Reference is filed with the District Court, and is

28  decided by the District Court, per the applicable Federal Rules of Bankruptcy

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.   2

1   Procedure and Local Rules, CD CA District Court, and Local Rules, CD CA
2   Bankruptcy Court.
3           Federal Rule of Bankruptcy Procedure Rule 5011 provides that the District
4   Court hears the motion to withdraw reference (not the bankruptcy court):

6           "(a) WITHDRAWAL.  A motion for withdrawal of a case or proceeding
7           **shall be heard by a district judge.**"

9           In the Central District of California, Motions to Withdraw Reference are
10  required to be **filed with the Clerk of the District Court**, per CD CA District Court
11  Local Rule 6.1 (8011-6.1), which states, in relevant part:

13          "6.1 (8011-6.1) WITHDRAWAL OF REFERENCE FROM THE
14          BANKRUPTCY COURT.  A motion to withdraw the reference of a case or
15          proceeding pending in the bankruptcy court shall be filed, with proof of
16          service of the motion reflecting service on the other interested parties, **with**
17          **the clerk of the district court.**  Such a motion shall be made in accordance
18          with FRBP 5011.  Certification as to interested parties and notice of related
19          cases, as prescribed in Local Civil rule 83-1.5, shall be filed by the moving
20          party with the motion to withdraw.  A conformed copy of the motion to
21          withdraw shall be delivered by the moving party to the bankruptcy judge
22          presiding over the case or proceeding. ..."

24  *Accord* is CD CA Local Bankruptcy Rule 5011-1, which states:

26          "**LRB 5011-1 WITHDRAWAL OF REFERENCE**

28          (a) **General**.  Pursuant to 28 USC  §157(a), the district court refers to the

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.    3

1    bankruptcy court for the district all cases under title 11 and all proceedings
2    under title 11 or arising in or related to a case under title 11.

3

4    (b) **Procedure**.  A motion to withdraw the reference of a case or proceeding
5    under 28 USC §157(d) **must be filed with the clerk of the district court**.
6    The motion must comply with Rule 6.1 of Chapter IV, Local Rules of the
7    District Court Governing Bankruptcy Appeals, Cases and Proceedings."

8

9    II.    **WITHDRAWAL OF REFERENCE FROM THE BANKRUPTCY**
10          **JUDGE, BACK TO THE DISTRICT COURT, IS APPROPRIATE IN**
11          **THIS CASE, BECAUSE THE BANKRUPTCY JUDGE HAS FAILED**
12          **TO TAKE ANY ACTION TO PROTECT THE NONPARTY WITNESS**
13          **WHO IS BEING THREATENED, AND RETALIATED AGAINST, BY**
14          **DEBTOR, FOR BEING A WITNESS FOR KURN**

15          The cause for withdrawal of reference is (1) that the Bankrutcy Court has
16    failed to take any action whatsoever to protect nonparty witness Robert Torres from
17    being **threatened by Debtor,** despite Kurn's counsel, on 7/14/09 and 7/28/09,
18    urging the Bankruptcy Court to take action to protect Torres; and (2) that the
19    Bankruptcy Court has **failed to take any action whatsoever to stop Debtor--which**
20    **is now carrying out its threats against Torres--from retaliating against Torres**
21    **for being a witness in the herein bankruptcy case.** (March decl hereto details
22    requests and inaction of bankruptcy court).

23          Non party witness Robert Torres' 4/14/09 declaration hereto attests that
24    Torres saw Debtor's managing member Brett Daniels looking at the Tenant in
25    Common Agreement for the 450 S. Burlington property, on Daniels' computer, on
26    or about 3/20/09 (after the bankruptcy was filed).

27          From 3/13/09 through 3/18/09 Kurn's counsel March for Kurn, and Debtor's
28    bankruptcy counsel Spector, had had phone calls and a series of emails by which

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.    4

1   March requested Spector (as Debtor's bankruptcy counsel), to send March (as

2   Kurn's bankruptcy counsel) a copy of the Tenant in Common Agreement. Spector

3   on 3/13/09 had told March that Spector had a copy of the Tenant in Common

4   Agreement, and would send same to March, as March's 3/13/09 and 3/16/09 email

5   to Kurn recounts. (Detailed in March decl hereto, and emails attached). Spector did

6   not do so. March's firm, for Kurn, had to move for and obtain an 2004 exam Order

7   (bankruptcy equivalent of a deposition), which 2004 Ordered Debtor's "person most

8   knowledgeable" to appear, give testimony, and to produce, at the 2004 exam, the

9   Tenant in Common Agreement for the 450 property.

10       Attorney Scott Chaplan, Esq. appeared at the 2004 exam as Debtor's "person

11   most knowledgeable" and testified the Tenant in Common Agrement–which Torres

12   saw Daniels looking at on Daniels computer on 3/20/09–had NEVER EXISTED,

13   and failed to produce it at the 2004 exam taken 4/10/09. (March decl. attached at

14   end of herein Motion, with Exhibits).

15       Torres' 7/8/09 declaration hereto attests that Debtor's "person most

16   knowledgeable", Scott Chaplan, Esq., **threatened Torres that Chaplan would**

17   **have Torres' wife and children thrown out in the street in 3 days, unless Torres**

18   **recanted Torres' 4/14/09 declaration**.

19       Torres' 7/30/09 declaration, also attached hereto, explains that Torres' wife

20   and children (and Torres) were vulnerable to Debtor carrying out that threat,

21   because Torres and his wife were the resident managers of a building (the 1963 N.

22   Cahuenga building) controlled and managed by Daniels and Chaplan--the same

23   persons who control Debtor 450 S. Burlington Partners, LLC. Torrres and Torres'

24   wife and children reside in apartment 101 of the Cahuenga building as a part of their

25   compensation for being resident managers of the Cahuenga building. (Torres

26   7/30/09 decl. hereto).

27       Torres' 7/30/09 declaration hereto attests that Debtor's personnel are now

28   **carrying out Chaplan's threat** to have Torres' wife and children (and Torres) out

1   on the street in 3 days, due to Torres' being a witness for Kurn: On 7/23/09, a Three

2   Day Notice to Pay Rent or Vacate Premises was served on Torres and Torres' wife

3   Carmen, for the 101 apartment, alleging (falsely) that they owe rent on the 101

4   apartment, when in fact that apartment is provided to them as part of their

5   compensation for being the resident manager of the Cahuenga building.

6        At the Bankruptcy Court hearing on 7/28/09, Kurn's counsel March informed

7   Bankruptcy Judge Bufford that Debtor was now **carrying out its threat to throw**

8   **Torres' wife and children (and Torres) out in the street in 3 days, due to Torres**

9   **being a witness for Kurn, by serving a Three Day Notice to Pay Rent or Vacate**

10  **Premises Quit on Torres and Torres' wife.**

11       March had printed the Three Day Notice in the attorney workroom at the

12  Court on 7/28/09,  and brought it up to the 7/28/09 hearing. At the 7/28/09 hearing,

13  March asked Judge Bufford to take action to stop Debtor from carrying out its

14  retaliation against Torres and Torres' wife and children, pointing out that allowing a

15  nonparty witness to be threatened, and then retaliated against, for being a witness

16  destroyed the integrity of the judicial process, and that Judge Bufford needed to

17  make a statement on the record instructing Debtor to stop this retaliation.  March

18  pointed out, at the 7/28/09 hearing--as March had done at the 7/14/09 hearing--that

19  threatening a witness, and retaliating against a witness, are federal crimes,

20  Obstruction of Justice,  per 18 USC §1503.  (March decl hereto).

21       Judge Bufford asked Debtor's counsel Spector whether Spector knew about

22  the Three Day Notice and Spector **admitted Debtor had served a 3 day notice of**

23  **Torres and Torres' wife, but claimed that Debtor doing so was "irrelevant",**

24  **because Torres and Torres' wife were being evicted from a different building**

25  **than the 450 building**.  Spector's statement is an adoptive admission of Debtor, per

26  FRE 801(d)(2), that Debtor was carrying out its threat to throw Torres' wife and

27  children out on the street in 3 days.

28

---

**JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.    6**

1       Spector's "irrelevancy" argument is obviously in error, because retaliation is
2   retaliation, regardless of which building Torres', and Torres' wife and children,
3   were being thrown out of.  (All attested to in March declaration hereto).

4       **NOTE: As** March's declaration hereto attests,  March's firm promptly
5   ordered an expedited transcript of the  7/28/09 court hearing.  If received by date of
6   filing of this Motion, transcript is **Exhibit 0** to March declaration attached at end of
7   this Motion.  If not received by date of filing of this Motion, March's firm will file
8   that 7/28/09 transcript, as a separately captioned pleading,  as soon as March's firm
9   receives that transcript from the Bankruptcy Court official court transcriber.

10

11   **III.  THE DISTRICT COURT SHOULD HEAR AND GRANT KURN'S**
12         **HEREIN MOTION TO WITHDRAW REFERENCE ON AN**
13         **EMERGENCY BASIS, BECAUSE TORRES–THE WITNESS WHOM**
14         **DEBTOR IS THREATENING AND RETALIATING AGAINST--**
15         **NEEDS TO BE PROTECTED IMMEDIATELY FROM DEBTOR'S**
16         **ILLEGAL, AND ESCALATING MISCONDUCT**

17       The situation of Debtor threatening non party witness Torres (detailed in the
18   Torres and March declarations hereto) ,  and now carrying out that threat to throw
19   Torres' wife and children out in the street in 3 days (detailed in Torres' 7/30/09
20   declaration hereto), constitutes cause for the District Court to hear and decide
21   Kurn's herein Motion to Withdraw Reference on an **EMERGENCY BASIS**, as
22   moved for.  Unless the District Court takes control of this case, by withdrawing the
23   reference, there is **NO ONE TO TAKE ACTION TO PROTECT NONPARTY**
24   **WITNESS Torres, or Torres' wife and children, from Debtor's retaliation in**
25   **progress.**   The Three Day Notice to Quit is **Exhibit A** to Torres' 7/30/09
26   declaration hereto.

27       At the 7/28/09 hearing Kurn's counsel March asked Judge Bufford whether
28   he would allow March to bring a Motion for OTSC on shortened time, to ask the

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN, W/ EXHS.   7

1  Bankruptcy Court to address debtor's threatening Torres for being a witness,  and,

2  now carrying out that threat, against Torres.  Judge Bufford stated, on the record,

3  that March could move to shorten time, but that Bufford didn't know that this

4  situationwould constitute cause to shorten time. (March declaration hereto).

5

6  **IV.   KURN'S MOTION TO WITHDRAW REFERENCE IS TIMELY,**

7  **BECAUSE BROUGHT PROMPTLY AFTER DEBTOR COMMENCED**

8  **CARRYING OUT DEBTOR'S THREAT TO PUT TORRES' WIFE**

9  **AND CHILDREN OUT ON THE STREET IN 3 DAYS, AND**

10  **PROMPTLY AFTER THE BANKRUPTCY COURT, AT THE 7/28/09**

11  **HEARING, FAILED TO TAKE ANY ACTION TO PROTECT**

12  **TORRES FROM DEBTOR'S ILLEGAL RETALIATION**

13      Kurn's herein Motion to Withdraw Reference is timely:  Kurn is moving as

14  soon as possible after the dual triggering events of debtor on 7/23/09 commencing

15  **carrying out the retaliation** Debtor had threatened against nonparty witness Torres

16  and Torres' wife and children Debtor, and the Bankruptcy Court, at the 7/28/09

17  hearing, **failing to take any action to protect Torres from Debtor's unlawful**

18  **threats and retaliation.**

19      7/23/09 is the date Debtor served Torres and Torres' wife with a Three Day

20  Notice to Pay Rent or Vacate Premises, to commence carrying out  Debtor's threat

21  to put Torres' wife and children out in the street in three days (due to Torres' failure

22  to recant Torres' 4/14/09 declaration). (Torres decl hereto dated 7/30/09).  Torres'

23  4/14/09 declaration is the declaration where Torres attested that Torres saw

24  Debtor's managing member Brett Daniels looking at the Tenant in Common

25  Agreement for the 450 property on Daniels' computer, AFTER debtor filed

26  bankruptcy, and days BEFORE debtor's "person most knowledgeable" testified

27  under oath that there NEVER was a written Tenant in Common Agreement for the

28  450 property.

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.   8

1       7/28/09 is the date of the most recent hearing in Bankruptcy Court, at which

2  Kurn's counsel informed the Bankruptcy Court that Debtor was now **carrying out**

3  **its threat to put Torres' wife and children out in the street**, as retaliation because

4  Torres' has not recanted Torres' 4/14/09 declaration. (March decl hereto).  March

5  requested the Bankruptcy Court to tell Debtor's counsel the Court would not

6  tolerate retaliation against a witness; but the Bankruptcy Court said and did

7  NOTHING to protect Torres.  (March decl hereto).

8       There is no deadline for bringing a Section 157(d) Motion to Withdraw

9  Reference.  All Section 157(d) say is that  a motion for withdrawal should be

10  "timely" made.  Courts generally find withdrawal motions timely, where made "as

11  promptly as possible in light of the developments in the bankruptcy proceeding."

12  Security Farms v. International Broth. Of Teamsters, Chauffeurs, Warehousement &

13  Helpers, 124 F.3d 999, 1997, fn. 3  (9th Cir. 1997).

14       Kurn has appealed the Bankruptcy Court's erroneous cash collateral rulings

15  to District Court.  But appeal is not a remedy for the Bankruptcy Court's newest and

16  most egregious error of failing to take any action to protect nonparty witness Robert

17  Torres from Debtor's threats and retaliation.  Appeal, if available on an

18  interlocutory basis at all, would not be fast enough to protect non-party witness

19  Robert Torres from being retaliated against by Debtor for being a declarant for

20  Kurn.

21       Nor is appeal a sufficient remedy for the Debtor's escalating misconduct, or

22  for the Bankruptcy Court's series of erroneous rulings, always against Kurn and in

23  favor of Debtor, contrary to law and fact.  Withdrawal of reference is the realistic

24  solution.

25  //

26  //

27  //

28

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.  9

V.    **NINE ADDITIONAL ERRONEOUS, CONSECUTIVE RULINGS BY THE BANKRUPTCY COURT, HIGHLY PREJUDICIAL TO KURN, CONSTITUTE ADDITIONAL, INDEPENDENT, CAUSE TO WITHDRAW THE REFERENCE OF THE 450 S BURLINGTON PARTNERS, LLC BANKRUPTCY CASE FROM THE BANKRUPTCY COURT TO THE DISTRICT COURT**

Each of the following NINE, consecutive, erroneous, rulings by the Bankruptcy Court, always against Kurn and in favor of Debtor– **each detailed in the Declaration of Kathleen P. March, Esq.,with Exhibits, attached at the end of this Motion**--constitute additional, independent, cause to withdraw the 450 S Burlington Partners, LLC bankruptcy case from the Bankruptcy Court to the District Court, on a discretionary basis, per 28 USC §157(d) [quoted supra]:

(1) transferring this bankruptcy case from the original bankruptcy judge (Judge Bluebond) to the present bankruptcy judge (Judge Bufford) for alleged related case, when it is admitted that **there was no related case**;

(2) Judge Bufford's ruling, at the 7/28/09 hearing, that witness Torres's Declaration testimony (in Torres' 4/14/09 Declaration)  that Torres saw Debtor's managing member Daniels looking at the 450 Tenant in Common Agreement on 3/20/09 was **inadmissible**.  Torres testifying to what Torres saw is classic percipient witness testimony, which is so obviously admissible that ruling to the contrary is a knowingly improper ruling.

(3) despite Kurn's written request that he take action, Judge Bufford failing to take any action to address or sanction Debtor's **contempt** of 2004 examination Order (2004 exam is bankruptcy version of a deposition, taken in the bankruptcy case), which required Debtor to produce at 2004 exam the Tenant in Common Agreement ( key document specifying rights and obligations of Kurn, the 45% Tenant in Common co-owner of the 450 apartment building, versus Debtor, the 55% Tenant-in-Common co-owner of the 450 apartment building).  Despite written

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.  10

1   request by Kurn's counsel (in Kurn's pleading filed 7/13/09, **Exhibit L** to March

2   decl. hereto) that the Court draw an adverse inference against Debtor for this

3   misconduct, Judge Bufford declined to do so;

4       (4) despite Kurn's written request that he take action, Judge Bufford failing to

5   take any action to address or sanction Debtor's **despoliation of evidence**

6   (concealing or destroying the Tenant in Common Agreement), which witness

7   Torres' declaration attests Torres observed debtor's managing member Brett Daniels

8   looking at on Daniels computer on 3/20/09, which was AFTER Debtor filed

9   bankruptcy, and AFTER Kurn's counsel had in writing requested Debtor's counsel

10  to produce the Tenant in Common Agreement to Kurn's counsel. Despite written

11  request by Kurn's counsel (in Kurn's pleading filed 7/13/09, **Exhibit L** to March

12  decl. hereto) that the Court draw an adverse inference against Debtor for this

13  misconduct, Judge Bufford declined to do so;

14      (5) despite Kurn's written request that he take action, Judge Bufford failing to

15  take any action to address or sanction the **perjurious** testimony of Debtor's "person

16  most knowledgeable", Scott Chaplan, Esq., who testified under oath, in the 2004

17  exam, that there had NEVER been a written Tenant in Common Agreement for the

18  450 property, despite the fact that Chaplan had prepared a document titled

19  Amendment #1 to Tenant in Common Agreement, which Debtor and Kurn had both

20  signed, which refers to there being a Tenant in Common Agreement, and states that

21  the Tenant in Common Agreement shall remain in effect except as expressly

22  modified by the Amendment #1 to Tenant in Common Agreement. Despite written

23  request by Kurn's counsel (in Kurn's pleading filed 7/13/09, **Exhibit L** to March

24  decl. hereto) that the Court draw an adverse inference against Debtor for this

25  misconduct, Judge Bufford declined to do so;

26      (6) At the end of the 6/2/09 hearing on Kurn's Motion to Reconsider/Recuse,

27  Judge Bufford inviting Debtor to bring a FRBP Rule 9011 sanctions motion

28  (bankruptcy equivalent of FRCP Rule 11) against Kurn and Kurn's counsel, for

---

1  Kurn's counsel  having brought a Motion to Reconsider/Recuse, despite the Motion

2  to Reconsider/Recuse being meritorious, and despite Debtor being **wholly ineligible**

3  to move for or be awarded sanctions per FRBP Rule 9011, due to failure to comply

4  with the mandatory "safe harbor procedures of Rule 9011 (6/2/09 hearing transcript

5  is attached as **Exhibit F** to March decl hereto).  March warned, at the 6/2/09

6  hearing, that Debtor was ineligible to bring a Rule 9011 motion, because Debtor had

7  failed to comply with the Rule 9011 safe harbor requirements, and that Kurn would

8  be entitled to sanctions against Debtor, for Kurn's cost of defending against such a

9  Motion, as Rule 9011(c)(1)(A) expressly provided for doing. Debtor none-the-less

10  brought the invited Rule 9011 sanctions Motion, which Judge Bufford still has

11  under submission, despite the fact Debtor's Rule 9011 Motion  should have been

12  summarily denied, for Debtor's failure to comply with the Rule 9011( c ) "safe

13  harbor" (discussed in March decl hereto);

14       (7) Judge Bufford making a series of rulings regarding "cash collateral" that

15  are **contrary to fact and law**, against Kurn and in favor of Debtor (now on appeal

16  to District Court, assigned to the Hon. Philip Gutierrez as CV 09-4097-PSG);

17       (8) Judge Bufford posting written tentative ruling for 7/14/09 hearing that

18  demonstrates a **biased frame of mind** against Kurn (tentative ruling is attached to,

19  and discussed in, March declaration hereto); and

20       (9) Judge Bufford failing to make a full disclosure of Judge Bufford's

21  dealings/relations/bias,  despite the Code of Conduct for US Judges requiring Judge

22  Bufford to do this,  and despite Kurn's Moton to Recuse requesting Judge Bufford

23  to do this, and despite March requesting Judge Bufford to do this at the 6/2/09

24  hearing (6/2/09 hearing transcript is attached as **Exhibit F** to March decl hereto).

25

26  V.   **CONCLUSION**

27       The Bankruptcy Court's failure to take any action to stop Debtor from

28  threatening, and now retaliating against, nonparty witness Robert Torres, and

1   Torres' wife and children, constitutes cause to withdraw the reference of the 450 S.

2   Burlington Partners, LLC bankruptcy case from the Bankruptcy Court, back to the

3   District Court, per 28 USC 157(d), discretionary withdrawal for cause. T

4   he only way to protect witness Robert Torres is to withdraw the reference from the

5   Bankruptcy Court, so that the District Court hereafter presides over the herein

6   bankruptcy case. An appeal would not be soon enough to protect witness Torres,

7   nor would it be effective to protect witness Torres.

8         The bankruptcy judge  has already stated, on the record, at the 7/28/09

9   hearing, thathet is not sure that Debtor threatening–and now carrying out its threat--

10  to throw Torres' wife and children out in the street in 3 days (unless Torres recants

11  Torres' declaration that Torres' saw Debtor's managing member looking at the 450

12  Tenant in Common Agreement) is cause to shorten time on a Kurn Motion for

13  issuance of OTSC to address Debtor's misconduct.  A judge that unwilling to act to

14  protect a nonparty witness from Debtor's threats and retaliation cannot properly be

15  left presiding over the herein bankruptcy case.

16        The Bankruptcy Court's additional NINE consecutive erroneous rulings, each

17  highly prejudicial to Kurn, constitute additional, independent, cause to withdraw the

18  reference.

19

20  Dated: August 4, 2009          THE BANKRUPTCY LAW FIRM, PC

21                      /s/ Kathleen P. March

22                      By Kathleen P. March, counsel to Joseph Kurn

23

24

25

26

27

28

## DECLARATION OF ROBERT TORRES

I, **ROBERT TORRES**, declare:

1. I make this Declaration regarding what I observed at the Office located at 2719 Wilshire Boulevard, Suite 250, Santa Monica, CA 90403 ("Office" hereafter) I have observed that the people who work at that Office, particularly Brett Daniels, manage several different apartment buildings.

2. In the past 12 months, I have often been at that Office. Particularly, I have often been in Brett Daniels office, which is a part of the space at the above address, in the corner of the general Office. The reason I have been present at that Office, particularly at Brett Daniels' office that is part of that space, is because Brett Daniels has hired me, several times, to perform maintenance/fix up on several of the apartment buildings that are managed by Brett Daniels, and I came by to get instructions, report my work, pick up checks for my work, etc.
I know from doing work on various apartment buildings that are managed from that Office, and because my wife is the resident manager of one of those apartment buildings, that each apartment building is owned by a separate LLC.

3. Brett Daniels told me each building is owned by a separate LLC, and I noticed that the checks Brett gave me, to pay for work on different buildings, had different LLC names on them, depending on which building I did work on.

4. From being at the Office, and watching Brett Daniels bring up documents on his computer in his office at the Office, I am aware that the Office has a central server, and that Brett Daniels computer is connected to that server.

5. Brett told me that the Office has a program or file called "goldmine", where LLC Operating Agreements and Tenant in Common Agreements are saved, and that the documents on "goldmine" are also on, or accessible from, the computer of Scott Chaplan's secretary.

*Robert Torres*          04-14-2009

## DECLARATION OF ROBERT TORRES                                    -1-

P.13

6.  To my knowledge, Scott Chaplan is an attorney whose office is about 50 feet down the hall from the Office that manages the apartment buildings.

7.  On or about March 20, 2009, I was present in Brett Daniel's office, and saw that Brett Daniels had open on his computer screen a document titled "Tenant in Common Agreement", which stated the property address of 450 S. Burlington Avenue, LA, CA. It appeared to me that Brett Daniels was either editing, or deleting, that document, at that time. I couldn't tell which Brett was doing, because when Brett Daniels noticed that I was watching him work on that Tenant in Common Agreement on his computer, Brett got upset and told me "you can't be in here right now", and made me leave. So I left.

8.  In the past 12 months--until recently--when I have been in Brett Daniel's office, I always saw two three-ring binders, labeled as "Tenant in Common *PROPERTY NAME IS LLC RT* Agreements", sitting in Brett's office. Each of these two binders were 2-3 inches wide, with numerous documents in them. The last time I was in Brett Daniels' office, in late March, 2009, I noticed that the two three ring binders were no longer there in Brett Daniels office, or anywhere else in the rest of the Office that I could see.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed at ___/2:45 PM___, California on April _14th_ 2009.

ROBERT TORRES

*LICENSE A5036380*

**DECLARATION OF ROBERT TORRES**                                          -2-

P14

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

State of California

County of _LOS ANGELES_

Subscribed and sworn to (or affirmed) before me on this

_14_ day of _APRIL_, 20_09_, by
Date          Month          Year

(1) _ROBERT TORRES_,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (.)

(and

(2) _N/A_
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
Signature of Notary Public

> ALEX AROUTIOUNIAN
> Commission # 1805714
> Notary Public - California
> Los Angeles County
> My Comm. Expires Jul 26, 2012

Place Notary Seal Above

―――――――― **OPTIONAL** ――――――――

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document _DECLARATION OF ROBERT TORRES_

Document Date: _04.14.2009_    Number of Pages: _2_

Signer(s) Other Than Named Above: _N/A_

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

P 15

## DECLARATION OF ROBERT TORRES

I, **ROBERT TORRES**, declare:

1. I am the Robert Torres who signed my notarized Declaration dated 4/14/09. On 6/9/09 I in writing authorized Kurn to use my Declaration for all purposes.

2. I also signed a Declaration, attached as **Exhibit A** hereto, dated July 30, 2009, but that date is incorrect, because I actually signed that Declaration on June 30, 2009.

3. I make this Declaration to explain that I only signed the Declaration that is **Exhibit A** hereto because Scott Chaplan, Esq. **threatened me that Chaplan would have my wife and children out on the street in 3 days, if I didn't sign**. Here is what happened:

4. On June 30, 2009 I received several phone calls from Brett Daniels, saying that if I would come over to Daniels' office, that Daniels would pay me a portion of the several thousands of dollars that Daniels owed me for work I had done on buildings owned by various LLCs that Daniels manages. Then Scott Chaplan, Esq. came on the phone and said he needed to see me first. So on June 30, 2009, I went to Scott Chaplan's office, in Santa Monica, CA.

5. Chaplan told me he had something he wanted me to sign. Chaplan had a Declaration on his desk, which Chaplan had written up, ready for signature, with my name on it.

6. Chaplan showed me the first page of the Management Agreement that my wife Carmen Torres and I had signed to be the resident manager for the Cahjuenga building. A copy of page 1 of the Management Agreement that Chaplan gave me is **Exhibit B** hereto.

7. My wife Carmen is the one who does the resident manager work for that building. Part of being resident manager is that my wife and children are provided an apartment in the Cahjuenga building.

_Robert Torres_  7-8-09

_____

**DECLARATION OF ROBERT TORRES**                                    1

P 16

8. Chaplan told me that there was no Tenant in Common Agreement for the 450 property (450 S. Burlington Avenue, LA, CA), "because I f***ing testified there was no Tenant in Common Agreement".

9. He told me: "You can't get a copy of it (the Tenant in Common Agreement), and Kurn can't get a copy of it, and that's why Kurn will lose, or it he doesn't lose, I will keep this tied up in Court forever."

10. Chaplan pointed to page 1 of Carmen and my Management Agreement (**Exhibit B** hereto), to the part of page 1 where it says "Days to Vacate on Termination: 3 days", and told me that **if I didn't sign the Declaration Chaplan had written, to say I never saw the Tenant in Common Agreement for the 450 property, that my wife and children would be out on the street in 3 days**.

11. Chaplan's threat to have my wife and children out on the street in 3 days scared me, because I didn't think I could get my wife and children moved to a new apartment within 3 days. I didn't want my wife and children out on the street.

12. So I figured the best thing to do was to go along with Chaplan, and then tell Mr. Kurn and Kurn's attorney that Chaplan had threatened me, so Kurn's attorney could tell the Court what was going on. So I told Chaplan, "okay, I never saw it", but I only said this because Chaplan had threatened me. Then I signed the Declaration that Chaplan had written, which I couldn't even see most of what it said, because Chaplan had page one of the declaration covering all but the signature part of page 2 of the Declaration. I asked Chaplan for a copy of the Declaration, and he said he would send me a copy, but he hasn't done so.

13. I first fully read "my" Declaration, copy attached as **Exhibit A** hereto, today, July 8, 2009, at The Bankruptcy Law Firm, PC, when Kurn's counsel Kathleen P. March gave me a copy of it.

14. Practically everything in that Declaration, which Chaplan had written before I ever came into Chaplan's office, is false:

   a. It is false that Kurn paid me to sign my April Declaration. Kurn did not pay me to do so.

   b. It is false that I was "under duress", when I signed my April

_____

**DECLARATION OF ROBERT TORRES**                                    2

p. 17

Declaration.  I was not.

   c.  It is false that I never saw the Tenant in Common Agreement for the 450 building.  I did see Brett Daniels looking at the Tenant in Common Agreement for the 450 building on Daniels computer in March 2009,  as my Declaration dated 4/14/09 states I did.

   d.  It is false that Kurn asked me to send letters to the Los Angeles Housing Department, pretending to be from tenants, and it is false that Kurn gave me handwritten letters, written by Kurn, for me to copy over and send, pretending to be from tenants.

   15.  Today, at The Bankruptcy Law Firm, PC, attorney Kathleen March showed me a Declaration of Brett Daniels dated 7/7/09, which has photos of Brett's office attached.  In those photos, Brett Daniels' desk  is moved  a lot closer to the wall from where that desk was in March 2009.  When I saw Daniels looking at the Tenant in Common Agreement for the 450 S. Burlington property on his computer screen, in March 2009, Daniels' desk was a lot further away from the wall, and I could easily see Daniels' computer screen, which (as shown in the photos) is a large computer screen.

   I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed at _Los Angeles_ , California on July _8th_ 2009.

_____
ROBERT TORRES

_____
DECLARATION OF ROBERT TORRES                    3

P. 18



Steven M. Spector CA BAR # 51623
BUCHALTER NEMER
1000 Wilshire Blvd Ste 1500
Los Angeles, CA 90017
Telephone : (213) 891-0700
Fax: (213) 630-5611
Email: sspector@buchalter.com

Counsel for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

In re.                                          Chapter 11
                                                Case No. 2:09-bk-15319-SB

450 S. BURLINGTON PARTNERS, LLC    **DECLARATION OF ROBERT TORRES**

         Debtor

DECLARATION OF ROBERT TORRES

EXHIBIT A
TO Torres Decl.

P 19

I, Robert Torres, hereby declare as follows:

1. I am a resident of Los Angeles, California, and if called as a witness, I could and would competently testify to the facts set forth herein, which facts are personally known by me and for which I have firsthand knowledge.

2. In June, 2009, Joseph Kurn approached me and asked me to sign a declaration (the "Declaration") stating that I personally viewed a tenant in common agreement involving 450 S. Burlington Avenue Partners, LLC (the "Alleged Agreement"). Mr. Kurn knew I was facing severe financial problems and he promised to pay me $7,000.00 if I agreed to sign the Declaration which he represented he would never file or otherwise use. Under duress, I signed that declaration in June, 2009.

3. I never saw the Alleged Agreement, and my statements to the contrary in the Declaration were and remain false.

4. Mr. Kurn previously approached me and provided me, in his handwriting, letters he wanted me to transcribe for him purporting, falsely, to be from tenants to the Los Angeles Housing Department complaining about habitability issues. Mr. Kurn told me he wanted to damage Brett H. Daniels ("B Daniels"), Scott A. Chaplan ("S Chaplan") and Alex Chaplan ("A Chaplan") with the City and in court.

5. I previously met with Messrs. Daniels and Chaplan, before executing the Declaration, during which meetings I informed them I had and have no knowledge regarding the Agreement, any dispute regarding Kurn (other than his failure to obtain necessary permits for work he performed and was paid for regarding the Property owned by the Debtor) and never saw the Agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct as of this ___ day of July, 2009 and that this Declaration was executed at Santa Monica, California.

Robert Torres, Declarant

2

DECLARATION OF ROBERT TORRES

Robert Torres   07-08-09

P.20

| In re: 450 S BURLINGTON PARTNERS, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-16319-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1000 Wilshire Blvd., Suite 1500, Los Angeles, CA 90017.

The foregoing document described as **DECLARATION OF ROBERT TORRES** will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 7, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Kenneth G Lau on behalf of U.S. Trustee United States Trustee (LA) -kenneth.s.lau@usdoj.gov
Kathleen P March on behalf of Creditor Joseph Kum - kmarch@bkylawfirm.com
Steven M Spector on behalf of Debtor 450 S Burlington Partners, LLC – sspector@buchalter.com; IFS_efiling@buchalter.com;
    salarcon@buchalter.com
Anthony J Napolitano on behalf of Debtor 450 S Burlington Partners, LLC - anapolitano@buchalter.com;
    IFS_filing@buchalter.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On July 7, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

Debtor
450 S Burlington Partners, LLC
2719 Wilshire Blvd.
Suite 250
Santa Monica, CA 90403

Los Angeles Housing Department
1200 W. 7th Street, 9th Floor
Los Angeles, CA 90017
Attn: David Zeitz
Fax: 213-808-8806
Tel: 213-808-8801

Victor Ritter
3600 South Harbor Blvd. #279
Oxnard, CA 93036

Joseph Kum
854 Riverside Drive
Monrovia, CA 91016-1724

☒ Service information continued on attached page

**III. SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

☐                                        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/7/09 | SANDRA I. ALARCON | /S/ SANDRA I. ALARCON |
|---|---|---|
| Date | Type Name | Signature |

*Robert Torres* 07-08-09

p. 21



Apartment Association of Greater Los Angeles
**STANDARD RESIDENT MANAGER EMPLOYMENT AGREEMENT**

A.  Resident Manager: _Robert and Carmen Torres_    B. Unit No. _____

C.  Premises Address: _1063 N. Cahuenga Blvd. Hollywood CA 90068_

D.  **Total Monthly Compensation**                              $ _2223.00_
Enter the total amount the Owner will pay per month for the agreed work to be done regardless of who will do the work, whether it is 2/3's of the monthly rental value of the Manager(s) unit alone, a lesser amount or the total the value of the use of the unit plus Cash.

E.  **Current Minimum Wage:**                                   $8.00 per hour
This amount changes frequently so be sure it is accurate.

F.  **Maximum Number Of Agreed Hours Of Work Each Month:**
Enter the Maximum number of hours worked for work Each month for the Total Monthly Compensation. This number may be no greater than the Total Monthly Compensation (A) divided by the Minimum Wage (E).        _160 hrs_

G.  **Number Of Managers:**                                     _2_
Enter the number of managers whether: A single person (1) or co-managers (2)

H.  **Monthly Rental Value Credit Manager's Unit:**             $1,800.00

I.  **Rental Value Credit Against Salary:**                     $ 663.46
Enter the Monthly Rental value credit. The maximum amount that may be taken as a credit against the Manager(s) salary per month is the lesser of 2/3's of the rental value (H) of the Manager(s) unit or $451.89 for 1 manager or $668.46 for co-managers. For instance, if the rental value of the Manager(s) unit is $1,200 per month, THE MAXIMUM that may be taken as a credit is either $451.89 for (1) or $668.46 for (2), not 2/3's of $1,200 (or $800)

J.  **Cash Per Month:**                                         $ 2,056.54
Subtract the Monthly Rental Value Credit (I) from the Total Monthly Compensation (A) - The result is the cash due for the hours worked.

K.  Dates Of ½ Payment (2X) Each Month: _1st of the month_

L.  Days Off Per Week (1 Day Minimum): _2 Days_

M.  Days To Vacate On Termination: _3 Days_

The Owner must receive time sheets* each month showing that the hours worked do not exceed the Maximum hours of Work shown in F, above. Manager(s) will not be paid for more hours absent written approval. The Manager shall be paid ½ of any Cash due twice per month.

1.  Resident Manager's Compensation: During employment, Resident Manager (A) shall receive, as monthly compensation, the use of the Resident Manager's Unit set out in Section (D) and ½ of the cash (2 times per month), if any is set out in Section (J) on the dates set out in Section (J) for the performance of work* described below on the Premises set out in Section (C). Such compensation shall represent a sum at least equal to the current Minimum Wage set out in Section (E) times the number of hours actually worked, as defined herein, up to but not exceeding the Maximum Agreed Hours of Work Each Month set out in Section (F). Resident Manager's Unit has a Monthly Rental Value set out in Section H. Owner shall be entitled to a Rental Value Credit to be added to Resident Manager's monthly Cash payment, if any, to reach Resident Manager's Total Monthly Compensation, and said Rental Value Credit shall be equal to 2/3's of the Monthly Rental Value of Resident Manager's Unit including all utilities provided, but not to exceed the applicable amount set out in Section (I).

_Joe Kurn_ 07-8-09    EXHIBIT B
TO TORRES DECL

p.22

Jul 30 2009 5:33PM   HP LASERJET FAX                              p.1

## DECLARATION OF ROBERT TORRES

I, **ROBERT TORRES**, declare:

1. I am the Robert Torres who signed my Declarations dated 4/14/09 and 7/8/09, filed with the Bankruptcy Court in the Bankruptcy case of 450 S. Burlington Partners, LLC, case no 2:09-bk-15319-SB.

2. I make the herein declaration to update the Court regarding further events, which have occurred after my 7/8/09 Declaration.

3. In my Declaration dated 7/8/09, I informed the Court that on June 30, 2009, Scott Chaplan, Esq. ("Chaplan"), at his office, showed me the first page of the Resident Management Agreement, which my wife Carmen Torres and I had signed to be the resident manager for the apartment building known as 1963 N, Cahuenga Boulevard, LA, Ca 90068. A copy of the page 1, which Chaplan showed me, is **Exhibit B** to my 7/8/09 Declaration. A full copy of that Resident Manager Agreement is attached to the herein declaration as **Exhibit B**, for convenience.

4. That Resident Manager Agreement provides that as part of being resident manager, the building provides me and Carmen with the Resident manager unit (apartment), per the terms stated in the Resident Manager Agreement.

5. The building provided me and Carmen with apartment 101 of the 1963 N. Cahuenga Boulevard building, as the resident manager unit. My wife and children and I have resided in apartment 101 of the 1963 N, Cahuenga building for over seven years, and have never paid rent, or been asked to pay rent, on that unit.

6. After Chaplan showed me the first page of the resident manager agreement for the 1963 N. Cahuenga building, Chaplan **threatened me that Chaplan would have my wife and children out on the street in 3 days**, if I didn't sign the declaration that Chaplan had prepared for my signature (declaration to recant what my 4/14/09 declaration attested).

7. Back when Carmen and became the resident managers of the 1963 N.

*Robert Torres* 07-30-2009

p. 23

Jul 30 2008 5:51PM   HP LASERJET FAX                  ...  .  ..          P.1

Cahuenga building, Brett Daniels had told me that the 1963 N. Cahuenga building is owned by a LLC where Brett Daniels is the managing member, named Chateau Hollywood, LLC, and told me that Daniels, Chaplan and others have an ownership interest in that Chateau Hollywood, LLC. Because Daniels is the managing member for both the 450 S. Burlington Partners, LLC, and for the Chateau Hollywood, LLC, I was afraid that Chaplan could have Daniels carry out Chaplan's threat to put my wife and children out on the street in 3 days, unless I signed the declaration Chaplan had prepared..

8. The only reason that I signed the declaration that Chaplan had prepared (filed with the Bankruptcy Court on 7/7/09 by Debtor 450 S. Burlington Partners, LLC), was because Chaplan was threatening to put my wife and children out on the street in 3 day, unless I signed that declaration which Chaplan had prepared.

9. But after I signed, I did my declaration that I signed 7/8/09, in which I explained to the Court that Chaplan had only gotten me to sign the Torres declaration that debtor filed with the Bankruptcy Court on 7/7/09 by threatening me that Chaplan would have my wife and children out on the street in 3 days if I didn't sign.

10. Because I signed the 7/8/09 Declaration, telling the court about Chaplan's threat, Chaplan and Brett Daniels are now carrying out Chaplan's threat to put my wife and children (and me) out on the street.

11. Attached hereto as Exhibit A is a Notice to Pay Rent or Vacate Premises, which was posted on July 23, 2009 on the door of Apartment 101, 1963 N. Cahuenga Blvd, LA, CA 90068. Apartment 101 is the apartment where I, and my wife and children, reside as the resident mangers of that building..

12. Up to the time the Notice to Pay Rent or Vacate Premises (true and correct copy attached as Exhibit A hereto), was posted on the door of Apartment 101, on 7/23/09, no one had ever requested payment of money rent on Apartment

_Robert Torres_  07-30-2009

DECLARATION OF ROBERT TORRES                                    2

P.24

101 (the resident manager apartment) of the 1963 Cahuenga building. Carmen and I do NOT owe any back rent on apartment 101. It is the other way around: the 1963 N. Cahuenga building owes unpaid wages to Carmen, for resident manager work Carmen performed on the 1963 N. Cahuenga building.

13.  All services that are required to be performed by the Resident Manager Agreement, **Exhibit B** hereto, have been properly performed by my wife and I, from start of that Resident Manager Agreement, to present, and are still being properly performed at present.

14.  The only reason that this 3 day **Notice to Pay Rent or Vacate Premises**, **Exhibit A** hereto, has been served on us is to **retaliate** against me, and my wife and children, because I told the truth about my seeing Brett Daniels looking at the Tenant in Common Agreement for the 450 S. Burlington Partners, LLC building, on 3/20/09, as testified to in my 4/14/09 Declaration (filed with the Bankruptcy Court in the 450 S. Burlington Partners, LLC bankruptcy case), and because I told the Court the truth about Scott Chaplan threatening me, in my 7/8/09 Declaration (also filed with the Bankruptcy Court in the 450 S. Burlington Partners, LLC bankruptcy case).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed at _Los Angeles_ California on July 30th 2009.

ROBERT TORRES

DECLARATION OF ROBERT TORRES                                        3

p.25

Plaintiff (s) / Owner (s)

Robert Torres, Carmen Torres and all others in possession

Resident (s) / Defendant (s)

1963 N. Cahuenga Blvd. Apt. 101 Los Angeles, CA 90068

Property Address

TO Robert Torres and Carmen Torres

AND ALL OTHERS OCCUPANT (s) IN POSSESSION:

YOU ARE HEREBY NOTIFIED that pursuant to the agreements dated on or around September 1, 2008 under which you hold the possession of the premises described in this notice, there is now due, unpaid and delinquent rent in the following amounts for the following specified periods:

| $ | Due from | thru |
|---|---|---|
| 20.32 | May 1, 2009 | May 31, 2009 |
| 531.54 | June 1, 2009 | June 30, 2009 |
| 531.54 | July 1, 2009 | July 31, 2009 |
| | | |
| | | |
| | | |

For a total sum One Thousand Eighty Three & 40/100     ($ 1,083.40    ).

YOU ARE FURTHER NOTIFIED THAT within three (3) days after service of this notice on you, you must pay the amount of rent stated in this notice in full or quit the premises and deliver up possession of the premises to the undersigned, who is authorized to receive possession of the premises, or the undersigned will institute legal proceedings for unlawful detainer against you to recover possession of the premises and to recover all rents and damages due.

Reference is hereby made to that certain Standard Resident Manager Employment Agreement dated September 11, 2008 between you and Chateau Hollywood and that certain agreement dated September 1, 2008 between you and Urban Housing LLC, as agent ( "the Agreements" ).

YOU ARE FURTHER NOTIFIED that in the event you fail to pay in full the rent referenced above within 3 days after service of this notice on you, the undersigned elects to terminate the Agreements as a result of the failure to pay in full the rent referenced above.

The premises that are subject of this notice are described as : 1963 N. Cahuenga Blvd. Apt. 101 Los Angeles, CA 90068                                          .

Person authorized to give notice

Dated: 7.23.2009

Pay to        :  Chateau Hollywood

Pay here    :  2719 Wilshire Blvd. Suite 250
                     Santa Monica, CA 90403

Payment days & hours: 9 AM - 5 PM Monday to Friday

Phone No.  :  (310) 586-1800

EXHIBIT A
TO TORRES DECL.

P. 26

Apartment Association of Greater Los Angeles
## STANDARD RESIDENT MANAGER EMPLOYMENT AGREEMENT

A.  Resident Manager: *Robert and Carmen Torres*

B. Unit No. _____

C.  Premises Address: *1863 N. Cahuenga Blvd Hollywood, CA 90068*

D.  **Total Monthly Compensation:**
Enter the total amount the Owner will pay per month for the agreed work to be done regardless of how it is paid, whether it is 2/3's of the monthly rental value of the Manager(s) unit alone, a lesser amount or the total of the value of the unit plus Cash.                                                                                                                        $ *2,728.00*

E.  **Current Minimum Wage:**
This amount changes frequently so be sure it is accurate.                                                                                                                        $8.00 per hour

F.  **Maximum Number Of Agreed Hours Of Work Each Month:**
Enter the Maximum Number of Agreed Hours of Work Each month for the Total Monthly Compensation. This number may be no greater than the Total Monthly Compensation (A) divided by the Minimum Wage (E).

G.  **Number Of Managers:**
Enter the number of managers whether: A single person (1) or co-managers (2)                                                            *160 hrs*

H.  **Monthly Rental Value Credit Manager's Unit:**                                                                                          $ *2,200.00*

I.  **Rental Value Credit Against Salary:**
Enter the Monthly Rental Value Credit. Currently, the maximum amount that may be taken as a credit against the Manager(s) salary per month is the lesser of 2/3's of the rental value (H) of the Manager(s) unit set at $451.66 for 1 manager or $668.46 for c0-managers. For instance, if the rental value of the Manager(s) unit is $1,200 per month, THE MAXIMUM that may be taken as a credit is either $451.66 for (1) or $668.46 for (2), not 2/3's of $1,200 (or $800)                                                                                                          $ *668.46*

J.  **Cash Per Month:**
Subtract the Monthly Rental Value Credit (I) from the Total Monthly Compensation (A) - The result is the cash due for the hours worked.                                                                                          $ *2,056.54*

K.  Dates Of ½ Payment (2X) Each Month: *1st of the month*

L.  Days Off Per Week (1 Day Minimum): *2 Days*

M.  Days To Vacate On Termination: *3 Days*

The Owner must receive time sheets* each month showing that the hours worked do not exceed the Maximum sours of Work shown in F, above, Manager(s) will not be paid for more hours absent written approval. The Manager shall be paid ½ of any Cash due twice per month.

1.  **Resident Manager's Compensation:** During employment, Resident Manager (A) shall receive, as monthly compensation, the use of the Resident Manager's Unit set out in Section (D) and ½ of the cash (2 times per month), if any is set out in Section (J) on the dates set out in Section (J) for the performance of work* described below on the Premises set out in Section (C). Such compensation shall represent a sum at least equal to the current Minimum Wage set out in Section (E) times the number of hours actually worked, as defined herein, up to but not exceeding the Maximum Agreed Hours of Work Each Month set out in Section (F). Resident Manager's Unit has a Monthly Rental Value set out in Section H. Owner shall be entitled to a Rental Value Credit to be added to Resident Manager's monthly Cash payment, if any, to reach Resident Manager's Total Monthly Compensation, and said Rental Value Credit shall be equal to 2/3's of the Monthly Rental Value of Resident Manager's Unit including all utilities provided, but not to exceed the applicable amount set out in Section (I).

*EXHIBIT B*
*TO TORRES DECL*

*p. 27*

a. Show and rent apartments as they become vacant;
b. Collect all rents when due and promptly deposit them in the building account or deliver them to Owner;
c. Clean or supervise the cleaning and preparation of all vacant apartments for rental;
d. Maintain the common areas in a clean, safe and orderly condition;
e. Prepare and keep such records and reports required for the operation of the Premises;
f. Comply with the rules and regulations of the Fair Employment Practices Commission of the State of California concerning rental practices, and with the Fire, Health and Safety Departments of City or County Government;
g. Advise Owner of any unusual tenant-problems or behavior;
h. Spend or contract to spend only such amounts as specifically authorized in writing by Owner;
i. Submit signed time cards or time sheets to Owner each week showing Resident Manager's daily hours of work.

3. **Hours of Work**: "Hours of work" shall mean that time actually spent in the performance of the work described herein, or of such other work as specifically required by Owner. Hours of work shall not include any time between the times when Resident Manager is actually performing such duties (even though Resident Manager's residence is set the premises and Resident Manager is available therefore) nor any time spent by Resident Manager in personal affairs. It is understood that the nature of the management of apartment buildings is such that hours of work will vary from day to day due to circumstances which are not predictable. Regular office hours, during which Resident Manager is available for work, shall be posted by Resident Manager on the door of the building office or on Resident Manager's door, whichever is appropriate, and Resident Manager shall regulate any and all hours of work so that the total number of hours do not exceed, per month, the number of hours designated in Section F. If for any reason Resident Manager is unable to perform the duties undertaken hereby in the number of hours designated in Section F, Resident Manager shall immediately so notify Owner, in writing, and Resident Manager shall not work in excess of the number of hours designated in Section F without Owner's written consent, unless said work is caused by an emergency situation. In the event of an emergency, Resident Manager shall notify Owner, in writing, of the number of hours worked in connection with such emergency within 48 hours off completing such emergency work. Resident Manager shall have the day or days off per week designated in Section L and Resident Manager shall not accumulate said day or days from week to week.

4. **TERMINATION**: Either party may terminate this contract effective on any date ("Termination Date") without prior notice but Resident Manager shall have the number of days provided in Section M within which to vacate the Manager's Apartment. Resident Manager's compensation shall be prorated to the Termination Date notwithstanding the fact that Resident Manager's compensation is on a monthly or other basis. Notwithstanding the fact that Resident Manager has been given the time set out in Section M to vacate the Premises, Resident Manager shall turn over to Owner all keys, books of account or records of any kind pertaining to the premises, on the Termination Date, unless previously demanded by Owner.

5. **MISCELLANEOUS**: Whenever the singular off a term is used in this agreement, it shall also include the plural of such term, where appropriate, and the following additional terms of employment are as follows:

_____

_____

_____

_____

_____


Date:  09-11-08                          Date:

_____            _____
Resident Manager                         Owner


*     See Addendum A-Assignment of Duties, if attached.
**    See Addendum B-Report of Hours Worked, if attached.

Revised 1-06
© AAGLA 2004                          Form provided as a membership Service Y the APARTMENT ASSOCIATION OF GREATER LOS ANGELES
                                     621 South Westmoreland Avenue, Los Angeles, CA 90005

p.28

## DECLARATION OF JOSEPH KURN

_____I, JOSEPH KURN, declare:

1. Per the recorded Deed, I am a 45% Tenant-in-Common co-owner of the property known as 450 S. Burlington Avenue, LA, CA, and 450 S. Burlington Partners, LLC ("LLC" or "Debtor") is the 55% Tenant-in-Common co-owner of that property, an apartment building.

2. At the time the LLC and I purchased the 450 property, in May 2006, Scott Chaplan, an attorney, had me sign a written document titled *Tenant in Common Agreement*, which had already been signed by the LLC. That *Tenant in Common Agreement* stated the rights and obligations of me and the LLC regarding the 450 property. The *Tenant in Common Agreement* said that the LLC would manage the property, and collect the rents, and would pay me $1,625 a month (6% of the cash I invested), every month, from those rents, before paying any expenses.

3. I do not have the signed *Tenant in Common Agreement*, or even a copy of it. At the time I signed the *Tenant in Common Agreement*, which I signed at the offices of Chaplan's father, a CPA, I thought Chaplan was acting as my attorney in the purchase of the 450 property. Chaplan took the *Tenant in Common Agreement*, as soon as I signed it. I didn't think that was a problem, because I thought Chaplan was my attorney on the transaction. After the LLC filed its bankruptcy case, I, through my bankruptcy attorney, requested that Chaplan give me a copy of the *Tenant in Common Agreement*, but he didn't do so.

4. I do have a copy of *Amendment #1 to Tenant in Common Agreement*, which the LLC and I signed after the *Tenant in Common Agreement* was signed. A copy of the signed *Amendment #1 to Tenant in Common Agreement* is attached as **Exhibit A** to this Declaration.

5. From on or about March 1, 2009 through March 18, 2009, Scott Chaplan, Esq., and Brett Daniels repeatedly phoned me, one and then the other. In those

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES; DECLS. OF ROBERT TORRES & JOSEPH KURN, W/ EXHS.28

*p. 29*

1  calls, they each told me they wanted me to come to a meeting with them, and sign

2  documents with them.  In these phone conversations, I asked each of Daniels, and

3  Chaplan, to send me a copy of the Tenant in Common Agreement for the 450

4  property, and told them I wouldn't sign any additional documents until I had

5  reviewed a copy of the Tenant in Common Agreement.

6     6.  In these phone calls, Daniels and Chaplan each told me that if I came to a

7  meeting with them, they would give me a copy of the Tenant in Common

8  Agreement, at the meeting.  They told me they wanted me to come to the meeting

9  with them, without my attorney.

10    7.  During this same period, March 1, 2009 through March 18, 2009, I phoned

11 Chaplan's assistant, Randi Perry, and asked her to send me a copy of the Tenant in

12 Common Agreement for the 450 property.  She told me she had it, and would send it

13 to me.  Then she went off the phone a minute, and came back and said she could not

14 send it to me without Chaplan's permission.  She did not send it to me.

15    I declare under penalty of perjury that the foregoing is true and correct and

16 that this Declaration is executed at *Los Angeles* , California on August 3 ,

17 2009.

18

19

20                          *Joseph Kurn*
                           JOSEPH KURN

21

22

23

24

25

26

27

28

JOSEPH KURN'S <u>EMERGENCY</u> MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES;  DECLS. OF ROBERT TORRES & JOSEPH KURN,W/ EXHS 29

*P. 30*

2/2          310826 5676      Innovative Real Est      20:23      Aug-03-2009

# AMENDMENT # 1 TO TENANT IN COMMON AGREEMENT

THIS AMENDMENT # 1 TO THE TENANT COMMON AGREEMENT (the "First Amendment") is entered into and effective as of this ___ day of January 2006, by and between Joseph Kurn ("Kurn") and 450 South Burlington, LLC ("Burlington"), with reference to the following facts:

A. WHEREAS, Kurn is desirous of maintaining flexibility in terms of his ability to liquidate his investment in Burlington at any time after Thirteen (13) months following the date of funding (the "Lock Out Period") of his Five Hundred Thousand Dollar ($500,000.00) investment in Burlington (the "Investment");

B. WHEREAS, Kurn and Burlington are desirous of entering into the First Amendment, whereby Kurn shall receive a preferred return of Six Percent (6%) per annum, payable monthly, on the Investment until such time as Kurn, pursuant hereto, redeems all or part of his Investment and/or unless and until Burlington, after the Lock Out Period, redeems same.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

1. Kurn's Put. Kurn may, following the Lock Out Period, put all or any portion of the Investment to Burlington at cost, and Burlington must, within Forty-Five (45) days, redeem same from Kurn. Any interest put to Burlington and redeemed thereby pursuant hereto shall forever divest Kurn of the benefits and/or burdens of that portion of the Investment.

2. Burlington's Call. Burlington may, following the Lock Out Period, call and redeem all or any portion of the Investment from Kurn at cost, and Kurn must, within Forty-Five (45) days, sell same to Burlington. Any interest redeemed from Kurn by Burlington pursuant hereto shall forever divest Kurn of the benefits and/or burdens of that portion of the Investment.

3. Operating Agreement. Kurn hereby affirms and agrees to be bound by the terms and conditions expressed in the Operating Agreement (the "Operating Agreement") he signed in conjunction with the Investment unless and until his entire Investment is redeemed by Burlington.

4. Indemnification. In the event that Kurn's Investment is redeemed in full in accordance herewith, he shall be indemnified and held harmless by Burlington from and against any and all claims, demands, damages and/or liability relating to the property located at 450 S. Burlington Avenue, Los Angeles, California (the "Property"), its operation and/or the loan or loans procured to purchase same.

P. 31        EX. A
             TO KURN DECL.

5.   Survival of Agreement.   Any provision of the Agreement not otherwise amended hereby shall expressly survive this First Amendment.

WHEREFORE, this Amendment is entered into at Santa Monica, California on the date first above written.

450 BURLINGTON, LLC, a California
limited liability company

_____
SCOTT A. CHAPLAN, Member

_____
JOE KURN

p. 32

## DECLARATION OF KATHLEEN P. MARCH

I, KATHLEEN P. MARCH, declare:

1. I am an attorney admitted to practice in CA and NY, and am admitted to practice before the District Court and Bankruptcy Court, CD CA, among other courts. I own and run The Bankruptcy Law Firm, PC, bankruptcy counsel to Joseph Kurn ("Kurn") in the 450 S. Burlington Partners, LLC ("LLC" or "Debtor") Chapter 11 bankruptcy case 2:09-bk-15319-SB.

2. I make this Declaration in support of Kurn's Motion to Withdraw Reference from Bakruptcy Court, back to District Court, of the bankruptcy case of Debtor 450 S. Burlington Partners, LLC, and of all motions and proceedings in said bankruptcy case.

3. **Exhibit A** hereto is Kurn's proposed **Order Withdrawing Reference**, as here moved for.

4. I appeared, for my firm, as Kurn's bankruptcy counsel, at the 7/28/09 Bankruptcy Court hearing on Debtor's motion to use cash collateral through end of 2009. Steven Spector, Esq. appeared for Debtor.

5. While at Bankruptcy Court to attend that hearing, I received, and printed on the attorney workroom computer, a copy of the Three Day Notice to Pay Rent or Vacate Premises, which Torres' 7/30/09 Declaration hereto attests was served on witness Torres and Torres' wife, on 7/23/09.

6. I took that Three Day Notice to the 7/28/09 hearing, and told the Bankruptcy Court (Judge Samuel Bufford) that Debtor was now in the process of **carrying out Debtor's threat that Debtor would put Torres' wife and children out on the street in 3 days, unless Torres recanted his 4/14/09 declaration**.

7. Torres' 4/14/09 declaration (attached to this Motion) attests Torres saw Daniels looking at the Tenant in Common Agreement for the 450 property on Daniels' computer, on 3/20/09, which was after Debtor filed bankruptcy, and that

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.  33

1   Daniels appeared to be editing or deleting the Tenant in Common Agreement.

2       8.  At the 7/28/09 hearing, Judge Bufford asked Spector whether Spector was

3   aware that a Three Day Notice (Three Day Notice to Pay Rent of Vacate Premises)

4   had been served on Torres.  In response to the Court's inquiry, Spector that Spector

5   **was aware** that the Three Day Notice had been served on Torres.  Then Spector

6   argued that Debtor evicting the Torres family was irrelevant, because the Three Day

7   Notice was to evict Torres (and his wife and children) from a different building

8   than the 450 building.

9       9.  I responded that it is retaliation against Torres for being a witness,

10   regardless of what building Torres was being evicted from, and that serving the

11   Three Day Notice is an attempt to carry out Chaplan's threat to throw Torres' wife

12   and family out in the street, because Torres is a declarant in Torres' 4/14/09

13   declaration. I said that the Bankruptcy Court needed to make a strong statement, on

14   the record, that it would not tolerate retaliation against Torres, and that the

15   Bankruptcy Court needed to instruct Spector that Debtor should withdraw the 3 Day

16   Notice.  I pointed out that threatening a witness, and retaliating against a witness is

17   a federal crime, obstruction of justice, per 18 USC 1503. **Judge Bufford said**

18   **nothing, and did nothing, to protect Torres or to try to rein in Debtor's**

19   **misconduct**. Judge Bufford just ignored my request.  The effect of doing nothing to

20   reprimand or restrain Debtor's misconduct was to tacitly approve that misconduct.

21       10.  **NOTE**:  My firm promptly ordered an expedited transcription of the

22   7/28/09 hearing, and if the official transcript is received by date of filing of this

23   Motion, that transcript is attached as **Exhibit 0** hereto.  If not received by date of

24   filing of this Motion, my firm will file that official transcript of the 7/28/09 hearing,

25   as a separate pleading, as soon as my firm receives it from the transcriber.

26       11.  The 7/28/09 hearing was NOT the first time that Judge Bufford had

27   ignored my requests that Judge Bufford make a statement on the record that the

28   Court would not tolerate debtor threatening witness Torres.  As part of the pleadings

1   considered at the Bankruptcy Court hearing held 7/14/09,  my firm had filed Torres'
2   4/14/09 and 7/8/09 declarations.  At the 7/14/09 hearing, I pointed out that Torres'
3   7/8/09 Declaration attested that Chaplan had threatened Torres that Chaplan would
4   put Torres' wife and children out in the street, in 3 days, unless Torres recanted
5   Torres' 4/14/09 declaration.  I asked Judge Bufford to make a statement, on the
6   record, that the Court would not tolerate a witness being threatened.  Judge Bufford
7   did not do so.  He simply ignored my request.  By failing, at the 7/14/09 hearing,  to
8   reprimand Debtor's threatening Torres, Judge Bufford very likely emboldened
9   Debtor to commit its further misconduct of carrying out that threat, by on 7/23/09
10  serving the Three Day Notice to Pay Rent or Vacate Premises  on Torres and
11  Torre's wife.

12      12.  The fact that Debtor is now in the process of carrying out its threat to put
13  Torres' wife and children out in the street in 3 days is **strong corroboration** that
14  Torres' 7/8/09 Declaration is accurate in attesting that Chaplan threatened Torres
15  that Chaplan would put Torres' wife and children out in the street in 3 days if Torres
16  did not sign the (recanting) declaration Chaplan had written. .

17      13.  The Three Day Notice that is **Exhibit A** to Torres' 7/30/09 declaration
18  hereto is signed on last page as being from Chateau Hollywood, LLC.  I looked up
19  Chateau Hollywood, LLC on the official California Secretary of State website,
20  under the LLC search function.  That website states that Chateau Hollywood, LLC's
21  agent for service of process is Richard J. Greene, at 2719 Wilshire Boulevard, 2nd
22  floor, Santa Monica, CA 90403.  **Exhibit I** hereto is the printout of that Secretary of
23  State website search.  I recognized that address as the address of Chaplan's law
24  firm.

25      14.  I looked up Richard J. Greene on the official State Bar of California
26  website, under the attorney search function.  Greene is an attorney, listed as a
27  member of Chaplan's firm,  Greene, Fidler & Chaplan LLP. A copy of the State Bar
28  of California attorney search printout on Greene is in **Exhibit J** hereto.  I looked up

1   Scott Chaplan, Esq. on the California State Bar website. Chaplan testified as

2   Debtor's "person most knowledgeable" in the 2004 exam, which I took on behalf of

3   Kurn in Debtor's bankruptcy case. The official State Bar of California website lists

4   Chaplan as a member of that same law partnership, Greene Fidler & Chaplan. A

5   copy of the attorney search printout on Chaplan is **Exhibit J** hereto. Exhibits I and

6   J corroborate that Chaplan's firm is involved in Chatteau Hollywood, LLC, and

7   therefor that Chaplanhad the power to carry out Chaplan's threat to Torres (attested

8   to in Torres' 7/8/09 declaration to this Motion) that Chaplan would have Torres'

9   wife and children out on the street in 3 days, unless Torres recanted Torres' 4/14/09

10  declaration.

11      15. In addition to failing to take any action to protect nonparty witness

12  Torres,, the Bankruptcy Court has made at **least NINE additional successive**

13  **erroneous rulings**, each highly prejudicial to Kurn, and highly in favor of debtor,

14  as follows:

15      (1) Debtor's bankruptcy case was transfered from the original bankruptcy

16  judge (Judge Bluebond) to the present bankruptcy judge (Judge Bufford) for alleged

17  related case. The case transfer order cites to the CD CA Bankruptcy Court local

18  rule 1073-1(b), which is transfer because the judge receiving the case has a "related

19  case". However, I researched the Pacer (electronic docket) docket for the Debtor's

20  bankruptcy case, and there is no related case. A copy of the transfer order is

21  attached hereto as **Exhibit N.** Judge Bufford admitted there was no related case, at

22  the 6/2/09 hearing on Kurn's Motion to Reconsider/Recuse, and in Judge Bufford's

23  written tentative ruling posted for the 6/2/09 hearing (which says reference to

24  transfer per Local Rule 1073-1(b) (related case) was an error. This tentative ruling

25  is attached, as part of **Exhibit N** after the transfer Order;

26      (2) Judge Bufford ruled, in error, at 7/28/09 hearing, that witness Torres's

27  testimony (given in Torres' 4/14/09 declaration hereto)--that Torres saw Debtor's

28  managing member Daniels looking at the 450 Tenant in Common Agreement on

1  3/20/09--was **inadmissible**.  Torres testifying to what Torres saw is classic

2  **percipient witness** testimony, which is so obviously  admissible that ruling to the

3  contrary is a knowingly improper ruling.

4      (3) Despite my firm on 7/13/09 filing a pleading, on behalf of Kurn,

5  requesting the Bankruptcy Court to  issue an Order to Show Cause to address

6  Debtor's contempt of the Bankruptcy court's 2004 exam order, perjury, despoliation

7  of evidence, and threats against witness Torres,  Judge Bufford has failed to take

8  any action to address or sanction Debtor's **contempt** of 2004 examination Order.  A

9  2004 exam is the bankruptcy version of a deposition, taken in the bankruptcy case).

10  The 2004 exam order, which my firm moved for and obtained on behalf of Kurn,

11  required Debtor to produce at 2004 exam the *Tenant in Common Agreement* for

12  the 450 property at the 2004 exam.  The *Tenant in Common Agreement* is the key

13  document specifying rights and obligations of Kurn, the 45% Tenant in Common co

14  -owner of the 450 apartment building, versus Debtor, the 55% Tenant-in-Common

15  co-owner of the 450 apartment building.  My firm's pleading for Kurn filed 7/13/09,

16  for the 7/28/09 hearing, requested the Bankruptcy Court to issue an Order to Show

17  Cause, with Debtor, Scott Chaplan, Esq., Brett Daniels (debtor's managing member)

18  and Steven Spector, Esq., as Respondents directed to show cause why they should

19  not be sanctioned for contempt of the Bankruptcy Court's 2004 exam order, perjury

20  by Chaplan and Daniels, despoliation of evidence, and threatening nonparty witness

21  Torres.  A true and correct copy of my firm's pleading for Kurn, requesting issuance

22  of an OTSC,  filed 7/13/09 is **Exhibit L** hereto.  My firm's 7/13/09 pleading also

23  requested the bankruptcy court to draw an **adverse inference** against Debtor due to

24  this misconduct of Debtor.  Judge Bufford did NOT do so.

25      (4) Despite Kurn's 7/13/09 pleading requesting Judge Bufford to take action,

26  Judge Bufford has failed to take any action to address or sanction Debtor's

27  **despoliation of evidence** (concealing or destroying the Tenant in Common

28  Agreement), which witness Torres' declaration attests Torres observed debtor's

1   managing member Brett Daniels looking at on Daniels computer on 3/20/09.

2   3/20/09 is  AFTER Debtor filed bankruptcy, and AFTER I, as Kurn's counsel, had

3   in writing requested Debtor's counsel Spector to produce the Tenant in Common

4   Agreement to my firm;

5       (5) Despite Kurn's 7/13/09 pleading requesting that he take action,  Judge

6   Bufford failed to take any action to address or sanction the **perjurious** testimony of

7   Debtor's "person most knowledgeable", Scott Chaplan, Esq.,  who testified falsely

8   under oath, in the 2004 exam.  In that 2004 exam, Chaplan testified Chaplan had

9   prepared a document titled Amendment #1 to Tenant in Common Agreement, which

10  Debtor and Kurn had both signed, which refers to there being a Tenant in Common

11  Agreement, and states that the Tenant in Common Agreement shall remain in effect

12  except as expressly modified by the Amendment #1 to Tenant in Common

13  Agreement.  Despite that, Chaplan testified repeatedly, in the 2004 exam, that  there

14  had NEVER been a written Tenant in Common Agreement for the 450 property;

15      (6) Judge Bufford,  at the end of a hearing held 6/2/09,  invited Debtor to

16  bring a FRBP Rule 9011 sanctions motion (bankruptcy equivalent of FRCP Rule 11

17  sanctions Motion) against Kurn and my law firm, because my firm had brought a

18  Motion to Reconsider/Recuse.  Encouraging Debtor to bring a Rule 9011 sanctions

19  motion was imrpoper, because Debtor was ineligible to bring a sanctions Motion,

20  because because Debtor had not complied with the  mandatory "safe harbor"

21  procedures of Rule 9011/Rule 11, and the Ninth Circuit Court of Appeals has

22  repeatedly held that a party which fails to comply with the "safe harbor" provisions

23  is ineligible to be awarded Rule 11 [ Rule 9011 in bankruptcy court practice]

24  sanctions.  Moreover, my firm's  Motion to Reconsider/Recuse was meritorious,

25  because expressly allowed by FRCP Rule 60 [FRBP Rule 9024] and FRCP Rule 59

26  [FRBP Rule 9023].

27      16. When Judge Bufford invited Debtor to bring a Rule 9011 Motion, I

28  stated, on the record, at the 6/2/09 hearing, that Debtor was ineligible to bring a

1   Rule 9011 Motion, because Debtor had not complied with the Rule 9011 safe harbor

2   provisions, and that if Debtor none the less brought a Rule 9011 motion, it would be

3   Kurn, not Debtor, who would be entitled to sanctions, for having to defend against

4   an improper motion. FRBP Rule 9011(c)(1)(A) expressly provides that the court

5   may award fees to the Respondent who prevails against a Rule 9011 motion.

6   Despite my warning, Debtor still brought a Rule 9011 Motion. And the Bankruptcy

7   Court still has that Motion "under submission", though it should have been

8   summarily denied, for failure of Debtor to comply with Rule 9011's safe harbor, and

9   because my firm's Motion to Reconsider/Recuse was supported by fact and law, and

10   was simply trying to get Judge Bufford to correct errors of fact and law which

11   Debtor's despoliation of evidence and perjury had induced Judge Bufford to make.

12   **Exhibit F** hereto is the official transcript of the 6/2/09 hearing.

13       (7) Judge Bufford made  erroenous series of rulings regarding "cash

14   collateral" **contrary to fact and law**, against Kurn and in favor of Debtor.  Those

15   erroneous cash collateral rulings, plus the denial of Kurn's Motion to

16   Reconsider/Recuse,  are presently on appeal to District Court, assigned to the Hon.

17   Philip Gutierrez as CV 09-4097-PSG;

18       (8) Judge Bufford posted a written tentative ruling for 7/14/09 hearing that

19   demonstrates a **biased frame of mind** against Kurn, copy attached as **Exhibit M**

20   hereto.  Without ever holding a live witness hearing, Judge Bufford's tentative

21   ruling states "Kurn's **fabrication** of the Torres declaration and **alleged threats** by

22   Chaplan are troubling, but they have no direct relationship......" .Torres' 7/8/09

23   Declaration attests that Chaplan  threatened Torres, and attests that Torres' 4/14/09

24   declaration was accurate, not falsified; i.e., Kurn did NOT fabricate Torres' 4/14/09

25   declaration, and Chaplan DID threaten Torres. The fact Chaplan is now carrying out

26   his threat to put Torres' wife and children out on the street is strong corroboration

27   that Torres' 7/8/09 declaration is accurate in attesting Chaplan threatened Torres.

28   Yet without ever holding any live witness hearing, Judge Bufford's tentative ruling

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.  39

1    is to find directly contrary to what Torres 7/8/09 declaration (attached hereto)

2    attests. At the 7/14/09 hearing, I told Judge Bufford that this portion of Judge

3    Bufford's tentative ruling showed Judge Bufford did NOT have an unbiased frame

4    of mind about this case. Judge Bufford did NOT deny being biased. He said

5    nothing. This portion of Judge Bufford's tentative ruling shows he is NOT

6    unbiased.

7       (9) Judge Bufford was resistant to disclosing his dealings and relationship

8    and bias regarding all parties and counsel, despite the fact that the Code of Conduct

9    for United States Judges requires judges to *sua sponte* make a full disclosure

10    regarding dealings/relations/bias re parties and re. attorneys for parties. My firm's

11    Kurn Motion to Reconsider and Recuse, heard 6/2/09, requested Judge Bufford to

12    make the disclosures required by the Code of Conduct for US Judges. Judge

13    Bufford's tentative ruling (Exhibit M hereto), did NOT make those disclosures. At

14    the 6/2/09 hearing, I asked Judge Bufford, to make the required disclosures on the

15    record,. Though I asked, Judge Bufford did not respond. The hearing went on.

16    Finally, at the end of the hearing, Judge Bufford made what appears to my firm to be

17    an incomplete disclosure : he said I was a former colleague [I was a bankruptcy

18    judge for a 14 year term], and that he had no relationship or dealings with opposing

19    counsel. Judge Bufford  did not claim at the 6/2/09 hearing that he was unbiased,

20    and his conduct of this bankruptcy case to date shows improper bias against Kurn

21    and in favor of Debtor. The 6/2/09 official hearing transcript  is **Exhibit F** hereto.

22       17.  Debtor filed its Chapter 11 case on March 10, 2009.  March 20, 2009 is

23    the date the 4/14/09 and 7/8/09 Robert Torres Declarations to this OPPOSITION

24    attest that Torres saw Daniels looking at the Tenant in Common Agreement for the

25    450 S. Burlington Property and either editing or deleting it.

26       18.  Between those two dates--from March 13, 2009 through March 18, 2009-

27    - I, for my firm, as Kurn's counsel, had a series of emails with Debtor's counsel

28    Steven Spector, plus phone conversation with Spector, requesting Spector, as

Debtor's counsel, to send my firm a copy of the **Tenant in Common Agreement** for the 450 property, as follows:

19. **Exhibit B** hereto is a true and correct copy of my firm's 3/13/09 email sent to Debtor's counsel Steven Spector, Esq., telling Spector my firm had been retained as Kurn's counsel, and requesting Spector to send my firm a copy of the Tenant in Common Agreement for the 450 property.

20. Also on March 12th or 13th, 2009, I spoke by phone with Spector, and asked Spector to send my firm a copy of the Tenant in Common Agreement for the 450 property, and pointed out that the fiduciary duty that the Debtor, as one Tenant in Common, owed Kurn, as the other Tenant in Common, required the Debtor to supply my firm, as Kurn's counsel, with a copy of the Tenant in Common Agreement. Spector told me that he had a copy of the Tenant in Common Agreement, and would send it to me. But then Spector did not do so.

21. On Monday, March 16, 2009, I sent Spector a follow up email, again requesting a copy of the Tenant in Common Agreement, and reminding Spector that on the week before, Spector had told me Spector had a copy of the Tenant in Common Agreement:

> "Forwarding you this email to remind you that you told me Friday that you have the Tenant in Common Agreement re the above property [405 property], and would send my firm a copy of it, along with the 2 deeds of trust on that property. "

> "Don't want to have to do an emergency Motion for 2004 exam to get those docs from your client, the LLC, but need those docs, so please fax or email the Tenat in Common Agreement, and 1st and 2nd Notes and DOTs to my firm ASAP. Thank you!"

22. A true and correct copy of my March 16, 2009 email to Spector is attached as **Exhibit C** hereto. That email also reminded Spector that Debtor had a

---

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS. 41

1  fiduciary duty to give Kurn the Tenant in Common Agreement.

2      23. On 3/17/09, Spector sent my firm an email dated 3/17/09, which sent my

3  firm, inter alia, <u>Amendment #1 to Tenant in Common Agreement</u>, and stated:

4

5         "450 [the Debtor] has been unable to locate the original agreement [ie,

6         original Tenant in Common Agreement] but is confident the attached

7         [Amendment #1 to the Tenant in Common Agreement] is the operative

8         agreement between the parties."

9

10      24. A true and correct copy of Spector's 3/17/09 email to my firm is part of

11  **Exhibit D** hereto. Spector did NOT claim in his 3/17/09 email that the Tenant in

12  Common Agreement had NEVER existed. Nor did he deny having a copy of the

13  Tenant in Common Agreement. All he says is his client is unable to locate the

14  original.

15      25. On 3/18/09 I sent an email to Spector, responding to Spector's 3/17/09

16  email to me.   **Exhibit D** hereto also includes my 3/18/09 email to Spector..

17      26. My 3/18/09 email pressed Spector to send my firm the Tenant in

18  Common Agreement, pointing out:

19      "Thank you for the documents attached to your below [3/17/09] email.

20      However, the single most important document is NOT attached, which is the

21      Tenant in Common Agreement. My firm cannot figure out why you assert

22      that Amendment #1 to the Tenant in Common Agreement is now the

23      operative document, because that Amendment says it AMENDS the Tenant in

24      Common Agreement. That Amendment does not say it supercedes or

25      replaces the Tenant in Common Agreement. I need to see the Tenant in

26      Common Agreement to be sure, as do you."

27

28      "Moreover, I believe when we spoke by phone last week you told me you had

JOSEPH KURN'S <u>EMERGENCY</u> MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.  42

1    a copy of the Tenant in Common Agreement. Persons involved in the LLC

2    have been calling Joe Kurn and asking Joe to come to a meeting with them

3    this weekend, and told Joe that they would give Joe a copy of the Tenant in

4    Common Agreement at the meeting. So all you need to do is ask Scott

5    Chaplan / Brett Daniels to give you a copy of the Tenant in Common

6    Agreement, so you can send same to my firm."

7

8        27. I also emailed to Scott Chaplan, Esq. (who had taken the Tenant in

9    Common Agreement, after Kurn signed it,  and asked him to send my firm a copy

10   of the Tenant in Common Agreement. At that time, Chaplan  was not represented

11   by Spector (or anyone), and had not been designated as Debtor's person most

12   knowledgeable. Chaplan's response email did not deny that the Tenant in Common

13   Agreement existed. Chaplan's response falsely claimed Spector was representing

14   Chaplan, though Spector stated on the record in the 2004 exam that Spector was not

15   representing Chaplan, that Spector was only representing the Debtor.  The emails

16   between me and Chaplan on 3/20/09 are attached as **Exhibit K** hereto.

17       28. The logical inference from this sequence of events is that Daniels was on

18   March 20 suppressing or deleting the Tenant in Common Agreement BECAUSE my

19   firm, as Kurn's counsel, had repeatedly requested Spector to send my firm a copy of

20   that Tenant in Common Agreement, and had warned my firm would move for a

21   2004 exam to get production of that document, if necessary, and had requested

22   Chaplan to send my firm a copy of the Tenant in Common Agreement.

23       29. Debtor hiding or deleting the Tenant in Common Agreement AFTER my

24   firm had requested its production, as Kurn's counsel, is sanctionable misconduct, in

25   bad faith, justifying drawing an adverse inference against Debtor.  My firm's

26   7/13/09 pleading (**Exhibit L** hereto) requested Judge Bufford to draw the **adverse**

27   **inference** against Debtor, at the 7/28/09 hearing, which Debtor's misconduct

28   deserved.  In error, Judge Bufford did not do so.

30.  My firm did bring a 2004 exam motion, and obtained a 2004 exam Order ordering Debtor to produce the Tenant in Common Agreement at the 2004 exam, held 4/10/09.  Despite the Order,  Debtor did not produce the Tenant in Common Agreement at the 2004 exam, and–for the first time–Debtor (by its person most knowledgeable Scott Chaplan, Esq.) testified there had NEVER been a Tenant in Common Agreement.

31.  As counsel for Kurn, I, for my law firm, took the 2004 examination of Debtor LLC's "person most knowledgeable", on 4/10/09, pursuant to the Court's Order for 2004 exam, entered 4/9/09.  That Order, **Exhibit E** to this declaration, required Debtor LLC to produce at the 2004 exam its "person  most knowledgeable", and required Debtor LLC  to produce various documents at the 2004 exam, including the *Tenant in Common Agreement* relating to the 450 S. Burlington Avenue, LA, CA 90057 property, and all computer files that contained that *Tenant in Common Agreement.*

32.  In the 4/10/09 2004 exam which I took, Scott Chaplan, an attorney, testified as Debtor's "person most knowledgeable".

33.  In the 4/10/09 2004 exam, Attorney Chaplan testified, under oath, that he had prepared the document titled *"Amendment #1 to Tenant in Common Agreement "*, for the 450 property, which says that the *Amendment* is amending the *Tenant in Common Agreement*, and which states (last paragraph)  that the *Tenant in Common Agreement ("Agreement")* remains in effect except as amended by that *Amendment.*  The *Amendment #1 to Tenant in Common Agreement* is **Exhibit A** to Kurn's declaration to the herein Motion.

34.  Despite the fact that he had written *Amendment #1 to Tenant in Common Agreement*--which refers in multiple places to the *Tenant in Common Agreement*-- Chaplan testified, repeatedly,  in the 2004 exam, that there **never was a Tenant in Common Agreement for the 450 property**.  The pages of Chaplan's 2004 exam transcript where Chaplan so testified are attached as **Exhibit G** hereto (Chaplan

JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.  44

1  2004 exam official reporters' transcript, p. 23, line 12 through p. 32, line 15; p.39,
2  line 9, through p.40, line 24, attached as **Exhibit G** hereto).

3      35.  Chaplan's testimony at the 2004 exam--that there had never been a
4  Tenant in Common Agreement for the 450 property, was the first time that anyone
5  on Debtor's side had ever so contended; and was contrary to what attorney Spector
6  had told me, in my phone conversation with Spector the week of 3/9/09, in Spector
7  told me that Spector had a copy of the Tenant in Common Agreement for the 450
8  property, and would send it to my firm.

9      36. Chaplan, a lawyer,  testifying that a document defining the rights of Kurn
10  and the LLC in real property (ie, the *Tenant in Common Agreement*) **never existed**,
11  despite being expressly referred to in the *Amendment #*1 to that *Tenant in Common*
12  *Agreement*, which that lawyer wrote, is **not credible**.  Lawyers know agreements
13  granting rights in real property must be in writing to be enforceable.

14      37. Chaplan's testimony is contrary to an admission made by LLC's
15  Managing Agent, Brett Daniels, in the 4/20/09 341a examination where Daniels
16  testified under oath as Debtor's representative, where the Office of US Trustee
17  representative allowed me to question Daniels on behalf of Kurn.

18      38.  In that testimony Daniels testified he managed properties for around 30
19  different LLCs, and that for some of those properties, there were outside investors
20  (such as Mr. Kurn), along with a  LLC.  Daniels testified that where the LLC held
21  title to a property as tenant in common with another entity or investor, **that those**
22  **were the properties that had written tenant in common agreements**.  According
23  to that testimony, there would have been a written tenant in common agreement for
24  the 450 property, because a LLC (450 S. Burlington Partners, LLC) and another
25  entity or investor (Kurn), held title to the 450 property as tenants in common:  That
26  341a testimony is at transcript p.7, lines 12-26, attached to my declaration as
27  **Exhibit H**:

28      MS.MARCH: Now you testified at the last session that you had written, there

1    were written tenant in common agreements for some LLCs.  Do you

2    remember that testimony?

3    MR. DANIELS: Yes

4    MS. MARCH: and the LLCs that have the written tenant in common

5    agreements are those LLCs where there is an outside investor such as Mr.

6    Kurn is an outside investor?

7    MR. DANIELS: There are LLCs that are holding title to a property as tenant

8    in common with another entity or investor or how ever you want to

9    characterize the person sometimes it can be another person and sometimes it

10   can be another LLC

11   MS. MARCH: So those are the ones that have a written tenant in common

12   agreement

13   MR. DANIELS: **those would have the written tenant in common**

14   **agreements**

15   MS. MARCH: and the purpose of the written tenant in common agreement is

16   to set forth their relationship between the outside investor and the LLC,

17   correct?

18   MR. DANIELS: I'm not an expert on tenant in common agreements, that

19   would be my understanding as the lay person for it, yes

20

21        39.  I obtained a CD rom copy of Daniels' 341a testimony from the Office of

22   US Trustee (one of the US Trustee's duties is to record all chapter 11 341a

23   meetings), and one of my firm's paralegals transcribed it, to prepare a transcription.

24   I then checked the transcription against  my notes and my recollection, and

25   transcribed Daniels' 341a testimony.  That transcription is accurate to the best of my

26   knowledge. (Note: only the first 45 minutes was transcribed, due to time pressures,

27   but that is the relevant portion). The paralegal that did the transcription attests to the

28   accuracy of her transcription, at the last page of what she transcribed,  under penalty

JOSEPH KURN'S <u>EMERGENCY</u> MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE;
MEMO OF P&A; DECL. OF KATHLEEN MARCH  RE NEED FOR EMERGENCY HEARING DUE TO
DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS
THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION
WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.  46

1  of perjury. That transcription is attached as **Exhibit H** hereto.

2       40. Kurn's declaration to this Motion attests that Chaplan took the signed

3  *Tenant in Common Agreement,* after Kurn and the LLC signed it. A lawyer would

4  be extremely unlikely to throw away a signed original document that specified the

5  rights and obligations of Kurn and the LLC in real property.

6       41. Debtor LLC committed contempt of this Court's 2004 examination--

7  which ordered Debtor to produce the *Tenant in Common Agreement*--when Debtor

8  **failed to produce** the *Tenant in Common Agreement*, or even a computer file of

9  same, at the 2004 examination held 4/10/09.

10       42. Debtor's obvious purpose, in denying existence of the *Tenant in Common*

11  *Agreement,* and failing to produce it, is to hinder Kurn from establishing Kurn's

12  rights vis a vis Debtor, in Debtor's herein bankruptcy case, and particularly to try to

13  evade paying Kurn the $1625 a month that Debtor paid Kurn from purchase of the

14  450 property in 2006, up to the date Debtor filed bankruptcy.

15       43. Judge Bufford's failure to take any action to address Debtor's contempt

16  of the 2004 exam order, despoliation of evidence, perjury, and threats and retaliation

17  against witnessTorres, necessitates withdrawing the reference on this case from the

18  Bankruptcy Court, back to the District Court, to protect Torres, to protect the

19  integrity of the judicial process, and to give Kurn an unbiased forum, to which Kurn

20  is entitled.

21       I declare under penalty of perjury that the foregoing is true and correct and

22  that this Declaration is executed at Los Angeles, CA on August 4, 2009.

23

24            /s/ Kathleen P. March

25            KATHLEEN P. MARCH

26

27

28

JOSEPH KURN'S **EMERGENCY** MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE; MEMO OF P&A; DECL. OF KATHLEEN MARCH RE NEED FOR EMERGENCY HEARING DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT TORRES DECLS.OF ROBERT TORRES & JOSEPH KURN,W/ EXHS.   47

# PROOF OF SERVICE

State of California            )

County of Los Angeles          )

     I am an attorney admitted to practice in the State of California.  I am over the age of 18 and am not a party to the within action.  My business address is The Bankruptcy Law Firm, P.C., 10524 W. Pico Boulevard, Suite 212, Los Angeles, California 90064.

     On August 4, 2009, I served a copy of the foregoing:
**EMERGENCY MOTION: JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE OF BANKRUPTCY CASE FROM BANKRUPTCY COURT BACK TO DISTRICT COURT FOR CAUSE;  MEMORANDUM OF POINTS AND AUTHORITIES;  DECLARATION OF KATHLEEN P. MARCH RE NEED FOR EMERGENCY DECISION DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT THE NON-PARTYWITNESS; DECLARATIONS OF NONPARTY WITNESS ROBERT TORRES RE DEBTOR'S THREATS AND RETALIATION; DECLARATION OF JOSEPH KURN, EACH WITH EXHIBITS; plus civil cover sheet, Certification and Notice of Interested Parties, Notice of Related Cases, and Certificate of Need for Emergency Action (included in Motion),** upon each of the following persons, by serving to the attorney's address for e-mail service, as follows:

**Debtor's Bankruptcy Attorneys** SERVED BY EMAIL TO E-MAIL ADDRESSES :
sspector@buchalter.com  AND  anapolitano@buchalter.com
Steven M. Spector, Esq.
Anthony J. Napolitano, Esq.
Buchalter Nemer, a Prof. Corp.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

**Counsel for secured creditor, Victor Ritter, holder of Note secured by 2nd DOT**
Leon Vickman, Esq.
4646 White Oak Avenue
Encino, Ca 91316
SERVED BY EMAIL TO E-MAIL ADDRESS:lvickman@pacbell.net

**Office of US Trustee**
1   Office of United States Trustee
  725 S. Figueroa Street, 26th Floor
2   Los Angeles, CA 90017
  Attn: Kenneth Lau, Esq. and Russ Clementson, Esq.
3   SERVED BY EMAIL TO E-MAIL ADDRESS:  kenneth.g.lau@usdoj.gov;
  ustpregion16.la.ecf@usdoj.gov
4

5   **US Bankruptcy Court Judge**     (Hand Delivered)
  Per District Court Rules a copy
6   of said document is being hand delivered
  to US Bankruptcy Judge
7   Honorable Samuel Bufford

8
  On August 4, 2009, I served all of the foregoing stated items on each of the
9
  following persons, by first class US mail, addressed to the following addresses:
10

| **Debtor** | **Holder of Note secured by** |
|---|---|
| 450 S. Burlington Partners, LLC | **1st DOT** |
| 2719 Wilshire Blvd., Suite 250 | Los Angeles Housing Department |
| Santa Monica, CA 90403 | 1200 W. 7th Street, 9th Floor |
| | Los Angeles, CA 90017 |
| (Bankruptcy Court pacer has no email | Attn: David Zaitz |
| for Debtor) | |
| | (Bankruptcy Court pacer has no email |
| **Holder of Note Secured by** | for this party) |
| **2nd DOT** | |
| Victor Ritter | |
| 3600 S. Harbor Blvd, #279 | |
| Oxnard, CA 93035 | |
| | |
| (Bankruptcy Court pacer has no email | |
| for this party) | |

21

22
     I declare under penalty of perjury under the laws of the United States and the
23
24 State of California that the foregoing is true and correct.
25
     Executed this August 4, 2009, at Los Angeles, California.
26

27

28
              /s/  Kathleen P. March
            Kathleen P. March, Esq.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOSEPH KURN,

Movant

**DEFENDANTS**
450 S. BURLINGTON PARTNERS, LLC

Respondents

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kathleen P. March, The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd., Suite 212, Los Angeles, CA 90064
Phone (310)559-9224 Fax (310)559-9133;Email:kmarch@BKYLAWFIRM.com

Attorneys (If Known)
Steven M. Spector, Esq. Anthony J. Napolitano, Esq.
Buchalter Nemer, a Prof. Corp.
1000 Wilshire Boulevard, Suite 1500 Los Angeles, CA 90017-2457

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** N/A Motion to withdraw reference

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC § 157(d) Motion to Withdraw Reference of Bankruptcy Matter

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / PERSONAL INJURY | PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☑ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations |  | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions |  | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment |  |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:**   Case Number: **CV09-05714**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                CIVIL COVER SHEET                Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒Yes
If yes, list case number(s): On going bky appeal of cash collateral to Dist.Ct. rulings of bky ct., assigned to Honorable Philip Gutierrez, CV 09-4097-PSG

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| BANKRUPTCY CASE FILED IN LOS ANGELES BANKRUPTCY COURT, CDCA Case No.: 2:09-bk-15319-SB | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| BANKRUPTCY CASE FILED IN LOS ANGELES BANKRUPTCY COURT, CDCA Case No.: 2:09-bk-15319-SB | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| BANKRUPTCY CASE FILED IN LOS ANGELES BANKRUPTCY COURT, CDCA Case No.: 2:09-bk-15319-SB | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): THE BANKRUPTCY LAW FIRM, P.C. Date August 3, 2009
By: Kathleen P. March, Esq.

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

<u>PROOF OF SERVICE</u>

State of California          )

County of Los Angeles       )

     I am an attorney admitted to practice in the State of California.  I am over the age of 18 and am not a party to the within action.  My business address is The Bankruptcy Law Firm, P.C., 10524 W. Pico Boulevard, Suite 212, Los Angeles, California 90064.

     On August 4, 2009, I served a copy of the foregoing:
**EMERGENCY MOTION: JOSEPH KURN'S EMERGENCY MOTION MOVING DISTRICT COURT TO WITHDRAW REFERENCE OF BANKRUPTCY CASE FROM BANKRUPTCY COURT BACK TO DISTRICT COURT FOR CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KATHLEEN P. MARCH RE NEED FOR EMERGENCY DECISION DUE TO DEBTOR HAS THREATENED NON-PARTY WITNESS TORRES, AND IS NOW CARRYING OUT ITS THREAT AGAINST TORRES, AND BANKRUPTCY COURT HAS FAILED TO TAKE ANY ACTION WHATSOEVER TO PROTECT THE NON-PARTYWITNESS; DECLARATIONS OF NONPARTY WITNESS ROBERT TORRES RE DEBTOR'S THREATS AND RETALIATION; DECLARATION OF JOSEPH KURN, EACH WITH EXHIBITS; plus civil cover sheet, Certification and Notice of Interested Parties, Notice of Related Cases, and Certificate of Need for Emergency Action (included in Motion),**
upon each of the following persons, by serving to the attorney's address for e-mail service, as follows:

**Debtor's Bankruptcy Attorneys** SERVED BY EMAIL TO E-MAIL ADDRESSES :
sspector@buchalter.com  AND  anapolitano@buchalter.com
Steven M. Spector, Esq.
Anthony J. Napolitano, Esq.
Buchalter Nemer, a Prof. Corp.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

**Counsel for secured creditor, Victor Ritter, holder of Note secured by 2nd DOT**
Leon Vickman, Esq.
4646 White Oak Avenue
Encino, Ca 91316
SERVED BY EMAIL TO E-MAIL ADDRESS:lvickman@pacbell.net

<u>**Proof of Service**</u>

**Office of US Trustee**
Office of United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017
Attn: Kenneth Lau, Esq. and Russ Clementson, Esq.
SERVED BY EMAIL TO E-MAIL ADDRESS:   kenneth.g.lau@usdoj.gov;
ustpregion16.la.ecf@usdoj.gov

**US Bankruptcy Court Judge**     (Hand Delivered)
Per District Court Rules a copy
of said document is being hand delivered
to US Bankruptcy Judge
Honorable Samuel Bufford

On August 4, 2009, I served all of the foregoing stated items on each of the

following persons, by first class US mail, addressed to the following addresses:

| | |
|---|---|
| **Debtor**<br>450 S. Burlington Partners, LLC<br>2719 Wilshire Blvd., Suite 250<br>Santa Monica, CA 90403<br><br>(Bankruptcy Court pacer has no email for Debtor)<br><br>**Holder of Note Secured by 2nd DOT**<br>Victor Ritter<br>3600 S. Harbor Blvd, #279<br>Oxnard, CA 93035<br><br>(Bankruptcy Court pacer has no email for this party) | **Holder of Note secured by 1st DOT**<br>Los Angeles Housing Department<br>1200 W. 7th Street, 9th Floor<br>Los Angeles, CA 90017<br>Attn: David Zaitz<br><br>(Bankruptcy Court pacer has no email for this party) |

I declare under penalty of perjury under the laws of the United States and the

State of California that the foregoing is true and correct.

Executed this August 4, 2009, at Los Angeles, California.


        /s/   Kathleen P. March
        Kathleen P. March, Esq.